**William E. BAXTER, Jr., et al.**

v.

**Deen STRICKLAND et al.**

**Civ. A. No. 74–966.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 4, 1974.

Herbert Shafer, Atlanta, Ga., for plaintiffs.

David J. Bailey, Asst. Atty. Gen., Atlanta, Ga., for defendants.

Before MORGAN, Circuit Judge, and MOYE and FREEMAN, District Judges.

## ORDER

RICHARD C. FREEMAN, District Judge:

On May 17, 1974, plaintiffs filed this civil rights action for injunctive and declaratory relief and for damages against eleven members of the Georgia Bureau of Investigation (hereinafter "G.B.I."). Federal jurisdiction was invoked pursuant to 28 U.S.C. §§ 1331, 1343(3) and

(4) and 2201, and 42 U.S.C. § 1983. The complaint attacks, as violative of the due process clause of the Fourteenth Amendment to the United States Constitution, Ga.Code Ann. § 26–2709, which provides:

Seizure of gambling funds or other things of value

Any funds or other things of value used for purposes of gambling and seized in any gambling place or found in or on any gambling device shall vest in the county and shall be paid into the county treasury as county funds. (Acts 1968, pp. 1249, 1320; 1969, pp. 857, 866.)

Since the complaint requests temporary and permanent injunctive relief against enforcement of the statute or the conducting of proceedings pursuant to this statute by state officials, plaintiffs specifically requested that a three-judge court be convened as provided in 28 U.S.C. §§ 2281 and 2284. By order of Chief Judge Brown, dated June 24, 1974, a three-judge court was designated; it convened on August 5, 1974, for a hearing on the request for injunctive relief against enforcement of the State statute.

Defendants have filed an answer and motions to dismiss or to stay this action. On June 25, 1974, eighteen days after defendants filed an answer to the original complaint, plaintiffs filed an amended complaint. However, plaintiffs did not seek leave to amend as required by Rule 15(a), Fed.R.Civ.P.; and, defendants have not answered the allegations added by the amended complaint.[1]

The following facts are not in dispute: On April 13, 1974, agents of the G.B.I. conducted a gambling raid on certain premises located in Richmond County, Georgia. During the course of the searches of the premises, and of the persons thereon, at least $46,066.79 in cash and checks was seized. The checks seized, amounting to $6,800.79, were returned prior to the commencement of this action. On April 15, 1974, two days after the gambling raid, a jeopardy tax assessment for January, February, and March, 1974, totaling $39,289.90, was issued against a number of the plaintiffs herein. Plaintiff Baxter has been convicted of gambling-related charges filed in consequence of the April 13 raid. Plaintiff John Owen Tyler has been acquitted of gambling-related charges filed in consequence of the raid and has filed a "Demand for return of Money" on the Sheriff of Richmond County, the State Commissioner of Revenue, the Director of the G.B.I. and three G.B.I. agents.

In addition to some of the facts not in dispute, the complaint alleges that defendant G.B.I. agents conducted unlawful searches of plaintiffs' persons, property and residences, resulting in the seizure of over $50,000. It further alleges that, although the money was not used for the purposes of gambling, the G.B.I. agents acted under color of Ga.Code Ann. § 26–2709. The seizure of plaintiffs' money and the continued retention thereof by state officials has allegedly caused plaintiffs to sustain irreparable harm.[2]

---

1. The amended complaint adds to the original complaint allegations, upon information and belief, that defendant G.B.I. agents transferred the money seized in this action to State Revenue Commissioner Blackmon, that the latter issued a jeopardy tax assessment against a number of the plaintiffs herein, and that the jeopardy tax assessment is wholly arbitrary, capricious, without any lawful predicate, and is an exaction in guise of a tax. In addition, the amended complaint seeks to name State Revenue Commissioner Blackmon as a party defendant to this action and requests a declaration by the

court that the jeopardy tax assessment is null and void, and, as applied to plaintiffs herein, is a taking of property without due process of law.

2. While the complaint alleges that no hearing or judicial procedure of any kind bearing on the power of defendants to seize and retain the funds has been conducted in any court of competent jurisdiction, plaintiffs later stipulated that criminal proceedings as a consequence of the gambling raid were held and resulted in the conviction of plaintiff Baxter and the acquittal of John Owen Tyler.

Defendants have filed motions to dismiss based on the following grounds: lack of a substantial federal question, failure to state a claim against defendants upon which relief can be granted, lack of a present case or controversy, lack of irreparable harm and adequacy of a remedy at law. They further contend that certain of the plaintiffs lack standing and that as to all plaintiffs other than John Owen Tyler, there is no jurisdiction under 28 U.S.C. § 1331 for failure to satisfy the requisite jurisdictional amount. Defendants also urge the court to abstain from considering the merits of the constitutional question. In light of our action today, the three-judge court need not consider all the grounds urged by defendants for dismissal.

■■ It is well established that the federal courts established pursuant to Article III of the Constitution do not render advisory opinions; they are limited to deciding issues in actual cases and controversies. United Public Workers v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947). Further,

> [t]he controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240–241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). Justiciability is the term of art employed to give expression to the limitation placed upon the federal courts by the case and controversy doctrine. Flast v. Cohen, 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

As applied to complaints challenging the constitutionality of a statute, the various doctrines of standing, ripeness, and mootness "are but several manifestations—each having its own 'varied application'—of the primary conception that federal judicial power is to be exercised to strike down legislation, whether state or federal, only at the instance of one who is himself immediately harmed, or immediately threatened with harm, by the challenged action." Poe v. Ullman, 367 U.S. 497, 503–504, 81 S.Ct. 1752, 1756, 6 L.Ed.2d 989 (1961).

■ While it is clear that ripeness is a constitutional, jurisdictional prerequisite to both injunctive and declaratory relief, United States v. Mitchell, *supra,* the general rule, as stated in the *Aetna* decision, applied to determine whether or not ripeness exists is difficult to apply and has, on occasion, produced contrary results. International Tape Mfr. Ass'n v. Gerstein, 494 F.2d 25, 27–28 (5th Cir. 1974). The Gerstein court emphasized that

> [w]hile the case law reveals no precise ripeness formula, it indicates that one challenging a statute must demonstrate that he is *immediately injured or jeopardized* by its operation.

*Id.* at 28 (emphasis added).

■ In the case before this court, the complaint generally alleges, upon information and belief, that the seizure of funds on April 13, 1974, was "conducted under the authority of Georgia Code Annotated, Section 26–2709 . . . ." and that "[d]uring all of the times mentioned [in the complaint], the Defendants have acted under color of Georgia Code Annotated, Section 26–2709. . . ." Defendants have denied, however, that they were acting under authority of § 26–2709 and rely, as authority for the searches and seizures, on a search warrant, issued prior to the April 13 raid by the Honorable Oliver Mixon, an Associate Judge of the Civil Court, Richmond County, Georgia. At the hearing conducted by this court plaintiffs produced no evidence whatsoever in support of the allegation that the seizures were conducted under the authority of or that defendants sought

to justify them by § 26-2709.[3] Further plaintiffs have not alleged or shown that the funds seized were ever in the hands of county officials pursuant to the challenged statute. Where there is no showing that the state action which forms the basis of the complaint was predicated on or justified by the challenged statute, there is no actual "case or controversy" concerning the constitutionality of the statute and, thus, the constitutionality thereof is not justiciable.

■■ Further, in the case before the court, a jeopardy tax assessment has been issued as to the funds seized and the funds are presently in the control of the State Revenue Commissioner. While plaintiffs seek in the amended complaint[4] to name the State Revenue Commissioner as a party defendant and requests that the court declare the jeopardy assessment null and void, there is a strong federal policy against interference with the enforcement of state tax laws. Great Lakes Dredge and Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943). This policy is reflected in the Johnson Act, 28 U.S.C. § 1341, which provides that the district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State. The policy against interference is sufficiently strong that even though in most cases the propriety of declaratory relief may properly be considered independently of a request for injunctive relief, Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), the *Steffel* Court indicated that

> [t]he only occasions where this Court has disregarded these "different considerations" and found that a preclusion of injunctive relief inevitably led to a denial of declaratory relief have been cases in which principles of federalism militated altogether against federal intervention into a class of adjudications. See Great Lakes Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943) (federal policy against interfering with the enforcement of state tax laws) . . . .

*Id.*, 415 U.S. at 472, 94 S.Ct. at 1222, 39 L.Ed.2d at 522. *See also* id. at n. 20, 94 S.Ct. 1209.

■■ Plaintiffs have not alleged or sought to establish that Georgia law does not provide a "plain, speedy and efficient remedy" to attack the jeopardy tax assessment issued as to the funds seized.[5] Thus, it is clear that injunctive or declaratory relief as to the jeopardy tax assessment and directed against the State Revenue Commissioner would be improper. Further, due to the State tax assessment, it is possible that the challenged statute, Ga.Code Ann. § 26-2709, will never be applied whether or not the funds were used "for purposes of gambling and seized in [a] gambling place." The possibility that Ga.Code Ann. § 26-2709 may never be applied to the funds seized further indicates that the issue as to its constitutionality is not ripe for judicial determination. It also suggests that plaintiffs do not presently have standing to make such assertion.

---

3. We note that while the challenged statute is captioned "[s]eizure of gambling funds and other things of value," the text of the statute does not explicitly authorize seizure, but rather speaks to the ultimate disposition of certain funds or things already seized.

4. This court's reference to the amended complaint does not constitute leave to amend pursuant to Rule 15(a), Fed.R.Civ.P. Plaintiffs have not requested leave to amend. Generally, if an amendment to the complaint that requires leave of court is served without obtaining such leave or the opposing party's consent is served, it is without legal effect and will not be considered. Wright & Miller, Federal Practice and Procedure § 1484 at 421 (1971). While in some cases such amendment could be considered without formal application for leave to amend, *id.*, we do not grant such leave in the instant case in light of the fact that the district court does not have jurisdiction over the claim and relief which plaintiffs seeks to add to the complaint.

5. *See generally*, Kiker v. Hefner, 409 F.2d 1067 (5th Cir. 1969) (remedies in Georgia are adequate and complete and oust the federal court of jurisdiction.)

492

As recently emphasized by the Supreme Court in O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed. 674 (1974),

> Abstract injury is not enough. It must be alleged that the plaintiff "has sustained or is *immediately* in danger of sustaining some direct injury" as the result of the challenged statute or official conduct.

*Id.*, 414 U.S. at 494, 94 S.Ct. at 675, 38 L.Ed.2d at 682 (emphasis added), *citing* Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078 (1923). We have found insufficient the conclusory allegation that defendants predicated the seizures on Ga.Code Ann. § 26–2709. Due to the jeopardy tax assessment we doubt that there is "sufficient immediacy and reality" to an allegation of future injury on account of § 26–2709 to warrant invocation of a three-judge court.[6]

As we have found that in the circumstances of this case there is no actual "case or controversy" concerning the constitutionality of Ga.Code Ann. § 26–2709, and that the issue is not ripe for determination by this court, the three-judge panel must be dissolved. We do not reach the other issues presented by defendants' motions to dismiss. Whether plaintiffs are entitled to relief other than an injunction against the enforcement of, or a declaration as to the invalidity of, Ga.Code Ann. § 26–2709, should be considered by a single judge rather than the three-judge panel.

Accordingly, for the reasons stated hereinabove, it is hereby ordered that plaintiff's request for an injunction restraining the enforcement of Ga.Code Ann. § 26–2709 and for a declaration of the invalidity thereof is denied; that the three-judge panel convened in this case be dissolved; and that the action be remanded to the judge before whom the action was originally brought. It is further ordered that defendants' motions to dismiss be resubmitted to the single judge for consideration.

It is so ordered.

---

6. The complaint is based on 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343. As § 1983 provides for liability to the "party injured" the constitutional requirement of an actual case or controversy remains; parties relying on § 1983 must show actual or threatened injury of some kind to establish standing in the constitutional sense. O'Shea v. Littleton, *supra*, 414 U.S. at 493–494, 94 S.Ct. at 675, 38 L.Ed.2d at 682 n. 2.