Richard MOFFITT and Shirley Moffitt,
Plaintiffs and Appellees,

v.

Robert E. BARR, Defendant
and Appellant.

No. 910290–CA.

Court of Appeals of Utah.

March 4, 1992.

Rehearing Denied April 1, 1992.

Peter Stirba and Barbara Zimmerman, Salt Lake City, for defendant and appellant.

James H. Banks, Salt Lake City, for plaintiffs and appellees.

Before GARFF, JACKSON and ORME, JJ.

## OPINION

ORME, Judge:

Appellant challenges the trial court's ruling that his counterclaim was time barred, even though it arose from the same incident which gave rise to appellee's complaint, which was timely by virtue of the statutory savings clause. We reverse.

## FACTS

In February of 1985, appellees filed a complaint against appellant alleging assault, battery, and other claims resulting from an altercation that took place during appellant's repossession of appellees' Kenworth truck in November of 1984. The complaint was dismissed on December 1, 1986, apparently due to ineffective service.[1]

---

1. It is unclear from our record exactly why the complaint was dismissed and why, if the basis was insufficiency of process, the complaint was dismissed instead of service quashed. *See generally* 4A C. Wright & A. Miller, Federal Practice

Pursuant to Utah Code Ann. § 78–12–40 (1987), appellees filed a second complaint on November 7, 1987. Appellant answered the second complaint on December 23, 1987, and included in his answer a counterclaim against appellees alleging assault and battery. Appellees moved to have the counterclaim dismissed, which motion was granted on the ground that appellant's counterclaim had not been filed within one year after the causes of action had accrued, as required by Utah Code Ann. § 78–12–29(4) (1987). At trial, the court accordingly precluded affirmative defenses and testimony to the effect that appellant had acted in self defense and was himself the victim of violence. Appellant now appeals the trial court's grant of appellees' motion to dismiss his counterclaim and seeks a new trial.[2]

## ANALYSIS

Under Utah law,

[i]f any action is commenced within due time and ... the plaintiff fails in such action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the same shall have expired, the plaintiff ... may commence a new action within one year after the reversal or failure.

Utah Code Ann. § 78–12–40 (1987). Section 78–12–40 permits a plaintiff whose action has been dismissed on non-substantive grounds to file a new complaint within one year of the date of dismissal, if the dismissal has occurred after the statute of limitations for plaintiff's action has run. The statute thus acts as a "savings clause," extending the statute of limitations to ensure that a complaint's procedural shortcomings will not prejudice the plaintiff's legitimate claim for relief.

In the instant case, appellees' original complaint included claims for assault and battery. An action for assault or battery

must be commenced within one year after the cause of action has accrued. *See* Utah Code Ann. §§ 78–12–29(4), 78–12–1 (1987). Thus, appellees were obligated to file their complaint within one year of the repossession incident.

Appellees filed their complaint in February of 1985, well within the one year statutory period. The complaint was dismissed on December 1, 1986. However, because the complaint was not dismissed on the merits, appellees were permitted to file a second complaint under section 78–12–40. Further, under this "savings clause," appellees had until December 1, 1987—one year after the date of dismissal—to commence their new action, even though the statutory one-year limitations period for assault and battery claims had expired on November 5, 1985. In short, the dismissal effectively extended the limitations period for appellees' assault and battery claims by over two years—from November 5, 1985, to December 1, 1987. Appellees filed their second complaint within that period, on November 5, 1987.

Appellees now maintain that since appellant's cause of action also arose from the November 5, 1984 repossession, section 78–12–29(4) statutorily required appellant to file an action along the lines of his counterclaim before November 5, 1985, without regard to the extra time the savings clause afforded appellees. Since appellant did not file his counterclaim until December 23, 1987, appellees continue, the trial court correctly dismissed the counterclaim as time barred. In other words, appellees claim that although the savings clause of section 78–12–40 excused them from section 78–12–29(4)'s one-year limitations period for assault and battery claims, it did not likewise excuse appellant. We reject this argument for three reasons.

First, appellees' suggested interpretation of section 78–12–40 contravenes sound poli-

---

and Procedure § 1083 (1987). The propriety of the dismissal is accepted by the parties and is not before us.

**2.** Appellant asserts three separate theories of relief on appeal. However, since we reverse on

the ground that the trial court erroneously dismissed appellant's counterclaim, we need not address appellant's other two theories. *See State v. Matsamas*, 808 P.2d 1048, 1049–50 (Utah 1991).

cy established in Utah case law. In *Doxey–Layton Co. v. Clark*, 548 P.2d 902 (Utah 1976), the Utah Supreme Court held that

> a counterclaim which arises out of the transaction alleged in the complaint and is in existence, at the time the complaint is filed, and is not then barred by a statute of limitations, will not be barred by the running of the statutory time thereafter. The statute will be suspended until the counterclaim is filed.

*Id.* at 906 (citations omitted). *See also State ex rel. Egeland v. City Council*, 803 P.2d 609, 612–13 (Mont.1990) (observing that some states suspend statute of limitations for counterclaims while others do not, and placing Utah in former group). Although the savings clause was not itself in issue in *Doxey–Layton*, by suspending the statute of limitations for counterclaims, the court in *Doxey–Layton* sought to eliminate the possibility that plaintiffs might escape counterclaim liability by filing complaints at the eleventh hour of a counterclaim's limitations period, leaving defendants with insufficient time to assert counterclaims before that period expired. "The reluctant litigant ... should not be held to have lost his right to recover damages for a wrong done him simply because his adversary postpones commencement of an action until the statute of limitations is about to run out." *Lewis v. Merrill*, 228 Or. 541, 365 P.2d 1052, 1055–56 (1961) (cited favorably in *Doxey–Layton*).

That policy rationale is equally applicable here. An interpretation of section 78–12–40 that permitted extension of the statute of limitations for complaints, but not counterclaims, would provide unscrupulous plaintiffs with a means of sabotaging a defendant's right to assert a valid counterclaim. A plaintiff who was susceptible to a counterclaim could file a procedurally faulty complaint within one year from the date on which the statute of limitations for the counterclaim was due to run, and then have the complaint dismissed before the defendant answered. Since section 78–12–40 extends the plaintiff's limitations period for one year from the date of dismissal, the plaintiff could then simply wait until the statute of limitations for the counterclaim had run before employing section 78–12–40 to file a second complaint. If, as appellees suggest, section 78–12–40's savings clause did not apply to counterclaims, the defendant's counterclaim would be time-barred when the plaintiff filed his second complaint. Thus, by intentionally failing to comply with procedural pleading requirements, a plaintiff could do that which the court in *Doxey–Layton* sought to prevent—postpone the filing of a complaint in order to deny an adversary the right to assert a legitimate claim. *See Lewis v. Merrill*, 365 P.2d at 1055–56. We refuse to adopt an interpretation of section 78–12–40 that would permit such abuse of the pleading process. We prefer instead to read the language from *Doxey–Layton* quoted above, i.e., "at the time the complaint is filed," as referring, in the savings clause context, to the time when the *initial* complaint was filed rather than when the complaint authorized by the savings clause was filed.

Second, statutes of limitation are designed to promote justice, by discouraging delay in litigation and preventing surprise through the revival of stale claims. *Becton Dickinson & Co. v. Reese*, 668 P.2d 1254, 1257 (Utah 1983); *Dove v. Delgado*, 808 P.2d 1270, 1274 (Colo.1991). *See Raithaus v. Saab–Scandia of America, Inc.*, 784 P.2d 1158, 1161 (Utah 1989) (statutes of limitation bar claims "that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared") (quoting *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981)). Appellees' position subverts this crucial delay-prevention function by providing incentive for plaintiffs to postpone the filing of complaints under section 78–12–40 and prolong the litigation process.[3]

---

**3.** Furthermore, although an even-handed application of section 78–12–40's savings clause will permit defendants to wait longer than would otherwise be permissible before asserting their counterclaims, we perceive no risk of "undue surprise" of the sort addressed in *Myers*. Although a plaintiff named in a counterclaim may be surprised to discover that her adversary is

Third, appellees' interpretation penalizes "reluctant" litigants, i.e., those who would rather avoid litigation than assert the claims they possess, and who take the basically non-litigious position that they will assert their claims only if the other party brings litigation to fruition by filing a complaint against them, their real preference being to stay out of court altogether. By ensuring that the statute of limitations for compulsory counterclaims does not run before that for complaints growing out of a common nucleus of facts, an even-handed application of section 78–12–40's savings clause allows reluctant litigants to take a "wait and see" attitude in litigation, and delay filing their claims until (and unless) the opposing party brings suit. If a party files a complaint against a reluctant litigant, the reluctant litigant may then assert his or her own right to relief in the form of a counterclaim. However, if the other party is also reluctant to bring suit, and does not file a complaint, the reluctant litigant is spared any involvement in litigation—he need not file his own action as the only means of preserving his latent claims for relief. Thus, in those situations where both parties would rather lick their wounds than take up arms, an even-handed application of the savings clause discourages lawsuits.

In contrast, appellees' suggested interpretation of section 78–12–40 would force reluctant litigants to initiate litigation themselves, or risk losing the ability to raise their claims at all. As stated above, if section 78–12–40's savings clause did not suspend the statute of limitations for counterclaims, the statute for a counterclaim would, in some circumstances, expire before the plaintiff's deadline for filing a new complaint. In such circumstances, a reluctant litigant would not have the option of

withholding his claim in the hopes of avoiding litigation, and still be able to assert that claim once a complaint has been filed against him. Instead, he would be forced to assert his claim *before* the other party filed a complaint, and would become the plaintiff in an action he did not really wish to litigate. Because such a result would promote litigation in those circumstances where the original plaintiff would not have refiled under section 78–12–40, it is unacceptable.

■ Drawing from the lesson of *Doxey–Layton*, but adapting it to state a rule of law applicable to the instant situation, we hold that (1) if a counterclaim arises out of a transaction or event alleged in a plaintiff's complaint, is in existence at the time that complaint is filed, and is not then barred by a statute of limitations, and (2) the plaintiff's complaint is dismissed on non-substantive grounds, following which the plaintiff files a subsequent complaint in accordance with section 78–12–40, then (3) the counterclaim will not be untimely even though the statute of limitations for that counterclaim has otherwise run, so long as the counterclaim is filed in accordance with the Utah Rules of Civil Procedure.[4]

■ Applying this rule to the facts of the instant case, it is clear that appellant's counterclaims arose from the event or transaction alleged in appellees' complaint—the repossession of appellees' truck—and were in existence at the time appellees' first complaint was filed. Further, appellees' complaint was dismissed for failure of service, a non-substantive ground, and appellees employed section 78–12–40 to file a second complaint. Therefore, appellant was entitled to file his assault and battery counterclaims at any time permissible under the Rules of Civil Proce-

---

seeking affirmative recovery, she is nonetheless already aware of her involvement in litigation growing out of a particular incident. She has presumably taken steps to preserve documents and line up witnesses. Having taken the first step to place the dispute in court, she is not surprised to find herself there. A defendant, by comparison, often has no prior knowledge of the impending lawsuit, and may therefore be "unduly surprised" when, many years after the

events that form the basis of the lawsuit, a complaint is filed.

4. We refer in particular, but not exclusively, to Utah R.Civ.P. 12(a), which sets forth a twenty-day period of time after service of a complaint in which a defendant must serve an answer. That time can be extended, of course, by stipulation, by leave of court on motion, or by operation of the rules. *See* Utah R.Civ.P. 6(b), 12(a).

dure, regardless of the fact that the one-year statute of limitations for assault and battery actions had already run.

Accordingly, appellant's counterclaim was timely filed.[5] The trial court's dismissal of the counterclaim was erroneous, as were its related decisions premised on that dismissal. We reverse the trial court's dismissal of appellant's counterclaim and remand for a new trial, or such other proceedings as may be proper in view of this opinion.

GARFF, and JACKSON, JJ., concur.

---

**5.** Utah R.Civ.P. 12(a) states that "[a] defendant shall serve his answer within twenty days after the service of summons and complaint is complete unless otherwise expressly provided by statute or order of the court." In the instant case, appellant was served with a summons on December 2, 1987. The summons expressly required appellant to file and serve his answer "within twenty days after service of this Summons upon you." Defendant's answer was filed and served on December 23, 1987, twenty-one days after service of the summons. From all that appears, appellees stipulated to or acquiesced in this minor tardiness on the part of appellant.