Jim Pratt HANSEN, et al., Plaintiffs
and Appellants,

v.

DEPARTMENT OF FINANCIAL IN-
STITUTIONS, et al., Defendants
and Appellees.

No. 920686–CA.

Court of Appeals of Utah.

July 20, 1993.

Rehearing Denied Sept. 23, 1993.

Earl Spafford, L. Charles Spafford, and
Scott B. Mitchell, Salt Lake City, for plain-
tiffs and appellants.

Jan Graham, Bryce H. Pettey, and Michael N. Emery, Salt Lake City, for defendants and appellees.

Before BENCH, GARFF and JACKSON, JJ.

JACKSON, Judge:

Plaintiffs appeal from the final order of the district court, entered November 15, 1991, granting defendants' motion to dismiss under Utah Rule of Civil Procedure 12(b)(6). We affirm.

## FACTS

In March 1979, defendant Mervin Borthick, acting in his capacity as the Commissioner of the Department of Financial Institutions of the State of Utah (DFI), issued an order placing certain restrictions upon the operation of plaintiff Murray First Thrift & Loan (MFT & L). Coincident with this order, Borthick recommended that certain "corrective actions" be taken in order for MFT & L to avoid having the Commissioner of Financial Institutions take possession of MFT & L under Utah Code Ann. § 7-2-1 (1988).

At the time of Borthick's order, eighty percent of the stock in MFT & L was owned by the Reading Holding Company. The owners of the holding company entered into a Stock Purchase Agreement in October 1980, agreeing to sell their stock to Irving Financial Corporation (Irving), owned by plaintiffs Rodney Gordon and Jim Hansen. Plaintiffs allege that Borthick, as DFI Commissioner, entered into a related reorganization agreement with Irving, promising to lift the restrictions placed on MFT & L upon compliance with certain conditions. Plaintiffs claim that despite their substantial compliance with the reorganization agreement, DFI, under authority of its new commissioner, Elaine Weis, seized the business and property of MFT & L and its parent company, Murray First Thrift Mortgage Company (MFT), on July 22, 1982.

On December 13, 1982, MFT & L and MFT entered into a Purchase and Assumption Agreement (P & A Agreement), under which a majority of MFT & L's assets were transferred to First Security Financial and the remainder were retained by DFI, whose commissioner was then George Sutton. Under the agreement, DFI was to terminate control over the retained assets within six months or at the earliest possible time, consistent with defendant Sutton's statutory responsibilities. As part of the agreement, DFI agreed not to impede any sale or development of the retained assets by MFT & L. Despite MFT & L's repeated demands, DFI retained control over certain assets for several years, and sold some of the assets while MFT & L itself was negotiating for their sale.

On May 30, 1986, plaintiffs in the present suit filed an action in federal court (the *Nelson* case) against the same defendants in the present suit and others. The *Nelson* case was originally dismissed on venue grounds. On January 22, 1987, the action was refiled in the proper venue (the *Harris* case). On June 6, 1989, a judgment was entered in *Harris* dismissing the case with prejudice.

On June 5, 1990, plaintiffs filed the present case alleging breach of contract by DFI, Weis, and Borthick [1] for failing to abide by the reorganization agreement (count I), and breach of contract by DFI, Sutton, and the Industrial Loan Guaranty Corporation of Utah (ILGC) for breaching the P & A Agreement (count II). The trial court granted defendants' motion to dismiss the complaint.

## ISSUES

The issue in this case is whether the causes of action alleged in counts I and II were properly dismissed because they were barred by statutes of limitations.

## ANALYSIS

### Standard of Review

 When reviewing a motion to dismiss based on Rule 12(b)(6), an appellate

---

1. We note that Borthick was never served individually or in his capacity as DFI Commission- er.

court must accept the material allegations of the complaint as true, and the trial court's ruling should be affirmed only if it clearly appears the complainant can prove no set of facts in support of his or her claims. *Anderson v. Dean Witter Reynolds, Inc.*, 841 P.2d 742, 744 (Utah App. 1992). Because the propriety of a 12(b)(6) dismissal is a question of law, "we give the trial court's ruling no deference and review it under a correctness standard." *Id.* (quoting *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991)). A trial court's determination that a statute of limitations has expired is also a question of law which we review for correctness, giving no particular deference to the lower court's determination. *Gramlich v. Munsey*, 838 P.2d 1131, 1132 (Utah 1992).

### Count I

■ In count I, the individual and corporate plaintiffs allege a breach of the reorganization agreement by defendants Borthick, Weis, and DFI for their seizure of MFT & L and MFT on July 22, 1982. The alleged breach occurred nearly eight years before the filing of the present lawsuit. Section 78–12–23 of the Utah Code places a six year limitation on the time in which "[a]n action upon any contract, obligation, or liability founded upon an instrument in writing" may be brought. Utah Code Ann. § 78–12–23 (1992).

Plaintiffs argue they are not time-barred by section 78–12–23 because the Utah Code provides the following savings statute:

2. Additionally, in the court's ruling and order of September 30, 1988, the court "dismissed on the merits and with prejudice" all the claims of the amended complaint and all the claims of the second amended complaint except for one claim of defamation, and one claim of civil rights violation by a public official.

3. The third amended complaint was stricken because the plaintiff filed it without leave of court. Amended complaints filed without leave of court are "without legal effect and will not be considered." *Baxter v. Strickland*, 381 F.Supp. 487, 491 n. 4 (N.D.Ga.1974). It is important to note the distinction between cause of action that is dismissed, and an amended complaint that is stricken. The first had a legal "life." The second never did. Although there is no Utah case

If any action is commenced within due time and ... if the plaintiff fails in such action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the same shall have expired, the plaintiff ... may commence a new action within one year after the ... failure.

Utah Code Ann. § 78–12–40 (1992).

Plaintiffs argue the cause of action alleged in count I of the present case arose out of the same transaction or occurrence that prompted the filing of the *Harris* case. They argue that *Harris* was commenced within the statutory time period and it failed for reasons other than on the merits. Thus, they conclude count I of the present case is timely because it was commenced within one year after the failure. We disagree.

■ *Harris* was commenced within the statutory time period, however, the final judgment, entered June 6, 1989, specifically states that "all claims in the Amended Complaint, together with the corresponding claims of the Second Amended Complaint are dismissed with prejudice." [2] Every cause of action in *Harris* was dismissed on the merits. Plaintiffs argue that the attempted third amended complaint, which alleged a cause of action similar to count I of the present case, failed on grounds other than the merits. The third amended complaint, however, was stricken and was not part of the *Harris* action.[3] The *Harris* court found that "the third amended com-

directly on point, courts in other jurisdictions have treated stricken amended complaints as non-existent with respect to tolling a statute of limitations and reviewing the proposed amendment on appeal. *See McGinnis v. A.R. Abrams, Inc.*, 141 Ill.App.3d 417, 95 Ill.Dec. 642, 644, 490 N.E.2d 115, 117 (1986) (unauthorized amendments were considered nullities and did not satisfy nor toll statute of limitations); *Midwest Bank & Trust v. Village of Lakewood*, 113 Ill. App.3d 962, 69 Ill.Dec. 671, 675, 447 N.E.2d 1358, 1362 (1983) ("An amendment to a pleading which is filed without leave of court to do so may be stricken and must be disregarded on review."); *People v. Alarcon*, 324 P.2d 58, 59 (order striking pleading is not ordinarily appealable).

plaint is not properly before the court and will not be considered." The attempted third amended complaint never rose to the level of a cause of action. Accordingly, the third amended complaint was not a "cause of action" within an action "commenced within due time" as required by the savings statute. Thus, the trial court correctly dismissed count I as being untimely filed.

## Count II

 In count II, the corporate plaintiffs MFT & L and MFT, allege defendants Sutton, DFI, and ILGC[4] breached the P & A Agreement by retaining assets longer than the agreed upon six months, and by ultimately selling some of the assets. Plaintiffs argue that the breach occurred when the retained assets were sold in 1987. They argue that the present suit was brought within the six year statutory period for contract causes of action. We disagree.

The defendants breached the contract when the assets were retained longer than contractually agreed upon. This event created a cause of action. Section 16–10–100 of the Utah Code places a two year limitation on the time in which a dissolved corporation can bring a claim for a predissolution cause of action. Utah Code Ann. § 16–10–100 (1991). The corporate plaintiffs were dissolved on December 31, 1984. The six-month period agreed upon by the plaintiffs and defendants for returning the assets ended on June 13, 1983, making the breach of the P & A Agreement a predissolution cause of action. As already noted, the present case was filed in 1990, more than five years after the dissolution.

 The savings statute does not prevent count II from being time-barred. The Nelson case, which arguably contained the same cause of action as that brought by the corporate plaintiffs in count II, was filed within the two year statutory period. The cause of action brought in Nelson failed on grounds other than the merits on November 10, 1986. However, the failure

occurred before the two-year statutory limitation had expired, preventing the invocation of the savings statute. An additional order was entered in Nelson on July 15, 1988, after the expiration of the two-year statutory limit. This additional order still does not help the corporate plaintiffs because this order dismissed all the defendants on the merits. Finally, even if Nelson was brought within the statutory limitation and failed on July 15, 1988, on grounds other than the merits, count II of the present case was brought well after the one year extension granted by the savings statute.

Accordingly, the trial court correctly dismissed the cause of action alleged in count II by the corporate plaintiffs as untimely. Because both counts were barred by statutes of limitation, we do not reach the other issues raised by the plaintiffs.

## CONCLUSION

We see no set of facts that can support plaintiffs claims. Accordingly, the trial court correctly held that the plaintiffs' cause of action in counts I and II of the present case were barred by statutes of limitation.

BENCH and GARFF, JJ., concur.

4. The claims against Sutton and ILGC were re- solved pursuant to a stipulation agreement.