**Geraldine CALLAHAN, Plaintiff and Appellant,**

v.

**John D. SHEAFFER, Jr., and Dart, Adamson & Kasting, Defendant and Appellee.**

**No. 930518–CA.**

Court of Appeals of Utah.

July 1, 1994.

Lynn P. Heward, Salt Lake City, for appellant.

Michael F. Skolnick and Carman E. Kipp, Salt Lake City, for appellee.

Before BENCH, JACKSON and GARFF,[1] JJ.

## OPINION

JACKSON, Judge:

Plaintiff Geraldine Callahan appeals the trial court's grant of summary judgment in favor of defendants. We reverse.

## FACTS

Callahan retained attorney John Sheaffer to represent her in a divorce proceeding that commenced in April 1987. She urged Sheaffer to take the necessary steps to preserve her rights under her husband's retirement plan. On January 21, 1988, Callahan discovered that her husband irrevocably changed his beneficiary designation under the plan, thereby eliminating Callahan's survivor interest. On July 26, 1991, Callahan filed a legal malpractice suit against Sheaffer and his law firm. The trial court dismissed the complaint without prejudice on January 27, 1992, for failure to serve a summons within 120 days of the filing as required by Rule 4(b) of the Utah Rules of Civil Procedure. On May 21, 1992, Callahan filed another malpractice suit against Sheaffer and his law firm. The court, however, ruled that the statute of limitations had run and granted summary judgment in favor of defendants. Callahan appeals the summary judgment.

## ANALYSIS

Because summary judgment, by definition, decides only questions of law, we review the trial court's conclusions for correctness. *HCA Health Servs. v. St. Mark's Charities*, 846 P.2d 476, 481 (Utah App.1993). We give no deference to the trial court's

---

1. Senior Judge Regnal W. Garff, acting pursuant to appointment under Utah Code Ann. § 78-3- 24(10) (1992).

determination of issues on summary judgment. *Higgins v. Salt Lake County,* 855 P.2d 231, 235 (Utah 1993).

■ This case requires us to determine the applicability of the savings statute, Utah Code Ann. § 78-12-40 (1992), to the statute of limitations on a legal malpractice action. Utah Code Ann. § 78-12-25 (1992) allows four years in which to bring an action for legal malpractice. *Merkley v. Beaslin,* 778 P.2d 16, 18 (Utah App.1989). The statute of limitations begins to run when the alleged act of legal malpractice is discovered, or, in the exercise of reasonable care, should have been discovered. *Id.* at 18–19. The savings statute states:

> If any action is commenced within due time and a judgment thereon for the plaintiff is reversed, or if the plaintiff fails in such action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the same shall have expired, the plaintiff, or if he dies and the cause of action survives, his representatives, may commence a new action within one year after the reversal or failure.

Utah Code Ann. § 78-12-40 (1992). Thus, to resolve the matter before us, we must determine when the statute of limitations began to run, when Callahan commenced her cause of action, when her cause of action "failed," and when she commenced her new action.

■ It is undisputed that on January 21, 1988, Callahan discovered the alleged negligence that prompted her to file a legal malpractice suit. Under *Merkley,* this is when the statute of limitations on her action began to run. *Merkley,* 778 P.2d at 18–19. It is also undisputed that on July 26, 1991, Callahan commenced her legal malpractice action by filing a complaint with the trial court. Rule 4(b) of the Utah Rules of Civil Procedure states that when a civil complaint is filed with the court,

the summons together with a copy of the complaint shall be served no later than 120 days after the filing of the complaint unless the court allows a longer period of time for good cause shown. If the summons and complaint are not timely served, the action shall be dismissed, without prejudice *on application of any party or upon the court's own initiative.*

Utah R.Civ.P. 4(b) (emphasis added). Callahan did not serve the summons and complaint within the 120 days. Approximately 155 days later, on January 27, 1992, the court dismissed the complaint. Thus, the question before us is whether Callahan's cause of action "failed" in late November 1991 when the 120 days expired, or on January 27, 1992, when the court dismissed the complaint. We hold that Callahan's cause of action failed on January 27, 1992, the day the court dismissed it.

■ Rule 4(b) has undergone several changes since it came into effect. A change of some significance to this case occurred when Rule 4 was amended to add language stating that a cause of action was "deemed dismissed" for failure to serve a summons within the mandated period of time. At the time of the case before us, the "deemed dismissed" language had been removed from the rule. The relevance of this change is that for the time period when an action was "deemed dismissed" for lack of proper service, failure of a cause of action for savings statute purposes was automatic under Rule 4(b). The "deemed dismissed" language meant that once the time period for service of summons elapsed, no further action was necessary for the cause of action to be dismissed. Before the "deemed dismissed" language was added to Rule 4(b), and as we hold today, after the "deemed dismissed" language was removed from Rule 4(b), failure of a cause of action under Rule 4(b) is not automatic.[2] As Rule 4(b) states, dismissal of

---

**2.** This holding is supported by *Luke v. Bennion,* 36 Utah 61, 106 P. 712 (Utah 1908). The *Luke* court analyzed the application of a savings statute with virtually identical language to the one at issue today. The *Luke* court cited a Georgia case in which service of process was required within 20 days of declaring a cause of action. Service was not timely, and the issue in the case was

whether the improper service of process "was not only ground for dismissing the suit, but ipso facto terminated the action." *Id.* 106 P. at 713–14. The *Luke* court, referring to the Georgia case, stated, "the suit 'did not come to termination the moment the time expired within which the clerk might have annexed a process to the petition. We think that the suit did not come

the cause of action after the time for service of a summons has elapsed depends upon some action, namely, the "application of any party or upon the court's own initiative." Utah R.Civ.P. 4(b). In the case before us, such action was not taken until January 27, 1992, when the court, apparently on its own initiative, dismissed the complaint.

Defendants argue that "the savings statute does not hinge on dismissal of an action, but rather upon failure of an action." They argue further that Callahan's complaint "failed" after the 120–day period for service of a summons expired. We disagree. Rule 6(b) of the Utah Rules of Civil Procedure allows the trial court discretion to enlarge the time allowed for service of summons or other actions, even after the prescribed time for such action has expired, if the appropriate motion is made and if the failure was the result of excusable neglect. Thus, unless and until a cause of action is dismissed, a party who fails to serve a summons in a timely fashion may preserve the action under proper circumstances. Because the possibility existed that Callahan's cause of action might have been preserved even after she failed to serve the summons within the prescribed 120 days, her cause of action was alive until the court dismissed it on January 27, 1992. This is the date when her cause of action "failed." Callahan commenced her new action against defendants for legal malpractice on May 21, 1992.

We now turn our attention to the application of the savings statute. The savings statute "permits a plaintiff whose action has been dismissed on non-substantive grounds to file a new complaint within one year of the date of dismissal, if the dismissal has occurred after the statute of limitations for plaintiff's action has run." *Moffitt v. Barr*, 837 P.2d 572, 573 (Utah App.1992); *see also Hansen v. Department of Fin. Inst.*, 858 P.2d 184, 187 (Utah App.1993) (noting failure of a cause of action before statute of limitations

had expired prevented invocation of savings statute). In this case, the four-year statute of limitation on Callahan's legal malpractice action began to run on January 21, 1988. Callahan commenced her cause of action on July 26, 1991, before the statute of limitations expired. Her cause of action failed on January 27, 1992, when the trial court affirmatively dismissed it. Thus, under the savings statute, Callahan had until January 26, 1993, to renew her cause of action. Callahan commenced her action on May 21, 1992, well within the allotted time. Accordingly, the trial court improperly granted summary judgment in favor of defendants on the ground that Callahan's action was untimely. Thus, we reverse the trial court's order granting summary judgment and remand this matter to the trial court for further proceedings.

BENCH and GARFF, JJ., concur.

---

to a termination until the court, on the motion of the defendant in the suit, dismissed it.' " *Id.* 106 P. at 714 (quoting *Wynn v. Booker*, 22 Ga. 359 (1857)). In *Askwith v. Ellis*, 85 Utah 103, 38 P.2d 757, 759 (1935), the Utah Supreme Court stated that an action is pending, "not only until the plaintiff has failed to serve a summons within one year thereafter, ... or within a reasonable time, or until he has otherwise failed to prosecute the action with due diligence, but until ... something is done to put it out of court." *Id.* Although the court was not referring specifically to the Utah rule requiring service of summons, it is clear that the Utah Supreme Court required some action to dismiss, or "put a cause of action out of court."