2010 UT App 158

**Sidney EWING and Cathie Ewing, individually and on behalf of the Estate of Rayn Ewing, deceased, Plaintiffs and Appellants,**

v.

**STATE of Utah, DEPARTMENT OF TRANSPORTATION; and Does 1 through 10, Defendants and Appellees.**

No. 20090566–CA.

Court of Appeals of Utah.

June 17, 2010.

---

Kenneth D. Lougee and Bradley H. Parker, Salt Lake City, for Appellants.

Mark L. Shurtleff and Peggy E. Stone, Salt Lake City, for Appellees.

Before Judges McHUGH, THORNE, and ROTH.

## OPINION

ROTH, Judge:

¶ 1 Sidney Ewing and Cathie Ewing appeal the trial court's grant of summary judgment in favor of the State of Utah, Department of Transportation (UDOT). The trial court dismissed the Ewings' negligence and wrongful death claims on the basis that the applicable statute of limitations had expired. While the Ewings acknowledge that the time for filing suit against UDOT had passed, they contend that their claims were preserved by what is commonly referred to as the savings statute, *see* Utah Code Ann. § 78B–2–111(1) (2008).[1] UDOT disagrees, asserting that the Ewings' claims did not meet the savings statute's requirements at the time of dismissal. We affirm.

## BACKGROUND

¶ 2 The facts are undisputed. On January 21, 2007, the Ewings' seventeen-year-old daughter, Rayn, was driving eastbound on I–80 in Parley's Canyon, near Salt Lake City, Utah. Suzanne Graser was traveling westbound in the same area when she lost control of her vehicle, crossed the center median, and collided with Rayn's vehicle. Rayn sustained serious injuries from which she later died. There was no barrier in the center median that could have prevented Graser's car from crossing into Rayn's lane of travel.

¶ 3 The Ewings, for themselves and their daughter's estate, filed a notice of claim on December 11, 2007, under the Utah Governmental Immunity Act (the Act). *See generally* Utah Code Ann. § 63G–7–402 (2008) (conditioning litigation against a governmental entity upon the filing of a notice of claim within one year of the accrual of the cause of action). UDOT did not respond to the Ewings' notice within sixty days, and their claims were deemed denied on February 9, 2008. *See generally id.* § 63G–7–403(1) (requiring the government to approve or deny a claim "[w]ithin 60 days of the filing of a

---

1. The statutory sections at issue in this appeal were renumbered in 2008 without substantive revisions. We therefore refer to the current version of those statutes as a convenience to the reader.

notice" and deeming a claim denied if the government does not timely respond). The Ewings filed a complaint in the Summit County district court on June 10, 2008, making claims against UDOT for negligence and wrongful death. This complaint was filed well within the one-year period that the Act provides for filing a complaint after denial of a claim. *See id.* § 63G–7–403(2)(b) ("The claimant shall begin the action [against a governmental entity] ... within one year after the denial period specified in this chapter has expired ...."). UDOT moved to dismiss on the ground that Summit County was an improper venue. On September 4, 2008, on the stipulation of the parties, the district court dismissed the Ewings' complaint without prejudice.

¶ 4 On February 12, 2009, the Ewings refiled their complaint in Salt Lake County. UDOT moved for summary judgment, asserting that the statute of limitations for filing a claim under the Act had expired on February 9, 2009, one year from the deemed denial of the Ewings' notice of claim. The Ewings opposed summary judgment, arguing that the savings statute allowed them one year from the September 4 dismissal to recommence the action. UDOT countered that the original statute of limitations had not yet expired when the Ewings' complaint was dismissed and the Ewings claims therefore did not fall within the scope of the savings statute. *See generally* Utah Code Ann. § 78B–2–111(1) (identifying requirements for recommencing litigation under the savings statute). The trial court agreed, granting summary judgment in UDOT's favor and dismissing the complaint with prejudice. The court certified the order as final under rule 54(b) of the Utah Rules of Civil Procedure, and the Ewings now appeal.[2]

## ISSUE AND STANDARD OF REVIEW

¶ 5 Summary judgment is proper where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). Whether summary judgment should have been granted is a question of law, which we review for correctness. *See DBL Distrib., Inc. v. 1 Cache, LLC*, 2006 UT App 400, ¶ 9, 147 P.3d 478.

## ANALYSIS

¶ 6 The Ewings argue that the trial court's grant of summary judgment in favor of UDOT was improper because the trial court misinterpreted the requirements of the savings statute. According to the Ewings, their action was "saved" because it was filed within one year of the September 4, 2008 dismissal.[3] UDOT contends that the trial court properly interpreted the savings statute in accordance with both binding precedent and the statute's plain language.

¶ 7 The savings statute provides,

If any action is timely filed and the judgment for the plaintiff is reversed, or if the plaintiff fails in the action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the action has expired, the plaintiff ... may commence a new action within one year after the reversal or failure.

Utah Code Ann. § 78B–2–111(1) (2008). Thus, the savings statute could preserve the Ewings' claims by giving them an additional

---

2. While the summary judgment resolved all of the Ewings' claims, it did not affect a sister case, arising from the same accident, with which the Ewings' case had been consolidated. Timothy Paget and Annette Paget had filed similar claims against UDOT in Summit County, and their complaint had also been dismissed in order to be refiled in the proper venue. The Pagets, however, filed their action in Salt Lake County in December 2008, before the original one-year statute of limitations expired. The Pagets' case continues in the district court, and they are not parties to this appeal.

3. Because neither party argues otherwise, for purposes of this decision we assume without deciding that the savings statute can extend the one-year statute of limitations imposed by the Act. *See generally Larson v. Park City Mun. Corp.*, 955 P.2d 343, 344–45 (Utah 1998) (declining to reach the question of whether the savings statute could preserve an action filed under the Act where the plaintiff never commenced a valid action); *Standard Fed. Sav. & Loan Ass'n v. Kirkbride*, 821 P.2d 1136, 1138 (Utah 1991) (stating that the savings statute is available unless the legislature uses language that indicates an intent to bar its application).

year to recommence the action, so long as three requirements were satisfied: (1) the original complaint must have been filed within the statute of limitations; (2) it must have failed on nonsubstantive grounds; and (3) the applicable statute of limitations must have expired. UDOT does not dispute that the Ewings' original action was timely filed and that it failed other than on the merits. The parties disagree, however, as to the timing of the third requirement. The Ewings assert that the savings statute does not require that the statute of limitations be expired at the point when the original action failed. Rather, they assert that so long as the original statute of limitations expires within the one-year period after dismissal, a claim refiled within that grace period is timely.[4] Thus, they claim, their second complaint would be preserved because it was filed on February 12, 2009, which was within one year of the September 4, 2008 dismissal.[5] UDOT counters that the trial court properly interpreted the statutory language to mean that the statute of limitations must have expired by the time the original action failed other than upon the merits, that is, on September 4, 2008, when the case was dismissed. UDOT contends that because the statute of limitations did not expire until February 2009, the savings statute was never invoked.

¶ 8 We affirm the trial court's decision in UDOT's favor because we conclude both that we are bound by applicable precedent and that the circumstances here do not meet the high threshold required for us to depart from prior decisions of this court.

## I. Prior Precedent Controls.

¶ 9 The question of the proper interpretation of the savings statute appears to have been resolved by prior decisions of this court that have consistently applied it to save actions that failed after the statute of limitations expired and have declined to invoke it where the statute of limitations had not yet expired when the complaint failed. *Compare C.P. v. Utah Office of Crime Victims' Reparations,* 966 P.2d 1226, 1227–29 (Utah Ct. App.1998) (applying the savings statute), *Callahan v. Sheaffer,* 877 P.2d 1259, 1262 (Utah Ct.App.1994) (same), and *Moffitt v. Barr,* 837 P.2d 572, 573 (Utah Ct.App.1992) (same), *with Hansen v. Department of Fin. Insts.,* 858 P.2d 184, 187 (Utah Ct.App.1993) (declining to apply the savings statute).

¶ 10 In *Hansen v. Department of Financial Institutions,* 858 P.2d 184 (Utah Ct.App. 1993), the plaintiffs brought suit in federal court, alleging breach of a purchase agreement. *See id.* at 185. The trial court dismissed the complaint on November 10, 1986, for improper venue. *See id.* at 185, 187. The plaintiffs then filed the same claim in state court. *See id.* Because the statute of limitations had expired, the trial court dismissed the complaint. *See id.* On appeal, this court considered whether the savings statute could preserve the plaintiffs' claim. *See id.* at 186–87. We acknowledged that the original complaint was timely filed and was dismissed on nonsubstantive grounds in November 1986. *See id.* at 187. The statute of limitations for bringing the action did not expire, however, until December 31, 1986, over a month after the dismissal. *See id.* Consequently, we held that "the failure occurred *before* the two-year statutory limitation had expired, *preventing the invocation of the savings statute." Id.* (emphases added).

4. The Ewings have advanced differing interpretations of this requirement of the savings statute in the trial court and at each stage of the appellate proceedings. Although UDOT suggested, in a footnote to its brief, that the Ewings were raising new arguments on appeal, it concedes, and we agree, that the Ewings have consistently asserted that the savings statute allows them one year from the date of dismissal to refile regardless of when the statute of limitations expired. We therefore conclude that the issue was sufficiently preserved and presented. Our resolution of the appeal does not depend upon which interpretation the Ewings rely upon.

5. The Ewings also argue, for the first time on appeal, that the applicable statute of limitations is not the one year provided by the Act but the two years provided by the wrongful death statute, *see* Utah Code Ann. § 78B–2–304 (2008). We decline to consider issues raised for the first time on appeal. *See Smith v. Four Corners Mental Health Ctr., Inc.,* 2003 UT 23, ¶ 19, 70 P.3d 904. In any event, because the two-year statute of limitations for the wrongful death claim did not expire until January 2009—more than four months after the voluntary dismissal of their first complaint—our interpretation of the savings statute is dispositive regardless of which statute of limitations applies.

¶ 11 In *Callahan v. Sheaffer*, 877 P.2d 1259 (Utah Ct.App.1994), the plaintiff brought a medical malpractice claim on July 26, 1991. *See id.* at 1261. She failed to serve the summons and complaint within 120 days, as required by the rules of civil procedure, and the case was dismissed without prejudice on January 27, 1992. *See id.* Following the dismissal, the plaintiff refiled the action in May 1992, but the trial court concluded that the plaintiff's filing was untimely and granted the defendants' motion for summary judgment. *See id.* at 1262. Because the original statute of limitations for the malpractice claim expired on January 21, 1992, a few days before the dismissal but after the expiration of the 120 days for service, the critical question before this court was *when* the plaintiff's complaint failed: Did it fail, as the defendants claimed, in November 1991 when the 120 days expired or, as the plaintiff contended, on January 27, 1992, when the trial court dismissed the complaint for lack of service? *See id.* at 1261. We held that the plaintiff's claim failed on the date the complaint was dismissed—January 27, 1992—and that the plaintiff's claim was therefore preserved by the savings statute because it failed outside the statute of limitations. *See id.* at 1262 (relying on our decisions in *Hansen* and *Moffitt v. Barr*, 837 P.2d 572 (Utah Ct.App.1992) [6]).

¶ 12 Because our prior decisions have consistently applied this interpretation of the "timing" aspect of the savings statute, we are bound by it unless the Ewings meet the high burden required to justify a significant change in direction.

## II. There Is No Basis for Departing from Prior Precedent.

■ ¶ 13 We must adhere to the decisions of this court unless certain criteria are met.

[I]n accordance with horizontal stare decisis, .... [an appellate court] will overrule its own precedent in the limited circumstances where it is clearly convinced that the rule was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent.

*State v. Tenorio*, 2007 UT App 92, ¶ 9, 156 P.3d 854 (citation and internal quotation marks omitted). Thus, the party requesting our departure from precedent carries a heavy burden of persuasion. *See State v. Menzies*, 889 P.2d 393, 398 (Utah 1994).

¶ 14 The Ewings assert that departure is warranted because the prior decisions erroneously interpreted the statute. The Ewings emphasize that this court has never considered, as a question of statutory interpretation, the meaning of the language, "the time limited either by law or contract for commencing the action has expired," *see* Utah Code Ann. § 78B–2–111(1) (2008). They therefore direct us to the Arizona Supreme Court's decision of *Janson v. Christensen*, 167 Ariz. 470, 808 P.2d 1222 (1991), in which the court interpreted the Arizona savings statute in a manner that reaches the result advocated by the Ewings. The language of the Arizona statute, however, is significantly different from that of Utah's, and we conclude that *Janson* undermines, rather than supports, the Ewings' position.

¶ 15 The Arizona savings statute provides, in pertinent part,

If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment

---

**6.** Although the question presented on appeal in *Moffitt v. Barr*, 837 P.2d 572 (Utah Ct.App.1992), was whether the defendant's previously unpleaded counterclaim was also saved by virtue of the application of the savings statute to the plaintiffs' claim, *see id.* at 573–76, we observed that the savings statute "permits a plaintiff whose action has been dismissed on nonsubstantive grounds to file a new complaint within one year of the date of dismissal, *if the dismissal has occurred after the statute of limitations for plaintiff's action has*

*run," id.* at 573 (emphasis added). In 1998, we relied on the same interpretation to affirm another trial court's conclusion "that [the plaintiff]'s complaint had been 'saved' by [the savings statute]," *C.P. v. Utah Office of Crime Victims' Reparations*, 966 P.2d 1226, 1227 (Utah Ct.App.1998), where the thirty-day period for appealing the board's decision expired prior to the trial court's dismissal of the plaintiff's original appeal for failure of service, *see id.* at 1229.

on the merits, the plaintiff ... may commence a new action for the same cause *after the expiration of the time so limited* and within six months after such termination.

Ariz.Rev.Stat. § 12–504 (LexisNexis 2010) (emphasis added).[7] Like Utah's savings statute, the Arizona version first sets out the requirements for its invocation and then establishes conditions under which a plaintiff may file a new action. *Compare id., with* Utah Code Ann. § 78B–2–111. The *Janson* court, however, interpreted the emphasized language of the Arizona statute to unambiguously mean that expiration of the statute of limitations was a condition that must be present at the time of refiling, not at the time of dismissal. *See Janson,* 808 P.2d at 1223.

¶ 16 In arriving at this conclusion, the court expressly rejected what it referred to as the defendants' "attempt[ ] to amend the [savings] statute so that the phrase 'after the expiration of the time so limited' refers to the termination of the first action, rather than the commencement of the second." *See id.* at 1224 (quoting Ariz.Rev.Stat. § 12–504). The court reasoned that to support such an interpretation, the Arizona savings statute would have to be amended to read as follows: "If an action is commenced within the time limited for the action, and the action is terminated *after the expiration of the time so limited* [in any manner other than the stated reasons] ..., the plaintiff ... may commence a new action for the same cause ... within six months after such termination." *Id.* (first and second omissions in original). The rejected amendment would produce a savings statute similar in structure to Utah's, and *Janson* therefore does not support the conclusion that the Ewings urge here.

¶ 17 UDOT refers us to the Oklahoma Supreme Court decision of *Bruner v. Sobel,* 1998 OK 60, 961 P.2d 815, as further support for its contention that our precedent properly interprets the savings statute. We find *Bruner* to be both useful and persuasive.[8] The Oklahoma savings statute, in language similar in import to Utah's, provided,

> 'If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, *and the time limited for the same shall have expired,* the plaintiff ... may commence a new action within one year after the reversal or failure.'

*Id.* ¶ 7 (emphasis added) (quoting Okla. Stat. tit. 12, § 100 (1971)) (stating pre-amendment statutory language). The court stated that, in its prior decisions, it had "consistently interpreted" the statute to apply

> only in those situations where the applicable statute of limitation expired or ran during the pendency of the first action— i.e.[,] for [the savings statute] to afford an additional year to file a new action the limitation period had to be expired at the time of the prior action's dismissal.

*Id.* (emphasis omitted). It then explained that "[t]he obvious reason this court had so ruled was because the language of [the statute], 'and the time limited for the same shall have expired,' modified the immediately preceding phrase of the statute, i.e.[,] that language stating the first action failed otherwise than upon the merits." *Id.* ¶ 8 (quoting Okla. Stat. tit. 12, § 100). The *Bruner* court concluded that it was unnecessary to go beyond the plain language of the statute because "where the [l]egislature has clearly expressed its intent, the use of additional rules of construction are unnecessary and a statute will be applied as written." *Id.* ¶ 9.

¶ 18 Utah appellate courts are guided by similar rules of statutory construction. Where the language is unambiguous, we interpret the statute according to its plain language. *See State v. Jeffries,* 2009 UT 57, ¶ 7, 217 P.3d 265. Our rules of construction further require us to give effect "to every

---

7. The current version of Arizona's savings statute is identical to the version interpreted by the supreme court in *Janson v. Christensen,* 167 Ariz. 470, 808 P.2d 1222 (1991).

8. The Oklahoma Supreme Court interpreted both its pre-amendment version of the savings statute, which was virtually identical to Utah's savings statute, and its current version, which is similar to Arizona's. *See Bruner v. Sobel,* 1998 OK 60, ¶¶ 6–12, 961 P.2d 815, 817. Our discussion focuses on Oklahoma's interpretation of the pre-amendment version.

word, clause and sentence of a statute," and to avoid constructions that render any part of the statute "superfluous, void or insignificant if the construction can be found which will give force to and preserve all the words of the statute." *State v. Maestas,* 2002 UT 123, ¶ 53, 63 P.3d 621. Consistent with these principles, we hold that, like the similar Oklahoma statute, the language of Utah's savings statute requires that the underlying statute of limitations be expired at the time the original action failed in order to invoke the one-year grace period for refiling.[9] The Ewings have therefore failed to carry the heavy burden of persuading us that the existing rule ought to be overturned; rather, our statutory construction analysis reaffirms the holdings of our prior decisions, which we follow here.[10]

## CONCLUSION

¶ 19 The principles of stare decisis require us to abide by our prior decisions absent evidence that those decisions were erroneous or are no longer sound and that more good than harm will result from our departure. This court has previously interpreted the savings statute to require the statute of limitations to expire prior to the dismissal of the original action, and the Ewings have not persuaded us to depart from that precedent. Where the Ewings' action was dismissed prior to the expiration of the statute of limitations, the trial court properly concluded that the savings statute was not invoked. Accordingly, we affirm the grant of summary judgment dismissing the Ewings' claims as untimely.

¶ 20 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and WILLIAM A. THORNE JR., Judge.

---

9. It is worth noting that although the Utah Legislature has amended the savings statute in the eighteen years since this court's decision in *Moffitt,* the legislature has not made any substantive amendments to the language we consider today. *See* Utah Code Ann. § 78B–2–111 amend. notes (2008) (amending the statute only to limit the number of times a plaintiff may invoke it). *See generally State v. Candedo,* 2010 UT 32, ¶ 15 n. 3, 232 P.3d 1008 (observing that the legislature's lack of amendment to the probation statute in the three years since the supreme court interpreted it was evidence that the court's interpretation was correct).

10. The Ewings also contend that the language and holding in *Standard Federal Savings & Loan Ass'n v. Kirkbride,* 821 P.2d 1136 (Utah 1991), support their argument that the savings statute ought to be applied regardless of the fact that the statute of limitations had not expired when their claim failed. *Kirkbride* considered whether the savings statute could apply to a statutorily-created claim for relief that contained its own specific limitations period. *See id.* at 1137–38. As discussed in an earlier footnote, that question does not arise in this case. *See supra* ¶ 6 n.3. *Kirkbride* recognized that the remedial purpose of the savings statute requires broad application of its remedies, *see* 821 P.2d at 1138, but we do not read that holding to mean that the savings statute's benefits must also be made available to those who do not meet the conditions established by its plain language. To the extent this is the result urged by the Ewings, *Kirkbride* does not support it.