2015 UT App 123

## THE UTAH COURT OF APPEALS

WILLIAM D. WILLIS AND PAULA A. WILLIS,
Plaintiffs and Appellants,
*v.*
RAYMOND C. DEWITT AND RC DEWITT CONSTRUCTION, INC.,
Defendants and Appellees.

Opinion
No. 20130867-CA
Filed May 14, 2015

Fifth District Court, St. George Department
The Honorable James L. Shumate
No. 120500368

Darwin C. Fisher, Attorney for Appellants

Peter H. Barlow, Sadé A. Turner, Heinz J. Mahler,
and Andrew R. Hale, Attorneys for Appellees

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES J. FREDERIC VOROS JR. and STEPHEN L. ROTH
concurred.

CHRISTIANSEN, Judge:

¶1     William D. and Paula A. Willis appeal from the district
court's grant of summary judgment in favor of Raymond C. DeWitt
and RC DeWitt Construction, Inc. (collectively, DeWitt). We affirm.

BACKGROUND

¶2     In 2005, the Willises contracted with DeWitt for the
construction of a new house in a residential development. Before
constructing any houses in the development, DeWitt discovered

that expansive soil was present in multiple lots in the development.[1] As a result, DeWitt had the top sixteen feet of soil removed from the affected areas and replaced with compacted fill. DeWitt was aware that the fill mixture included some amount of expansive soil but believed that the fill would not be expansive and that the fill provided "a very safe condition to build upon."

¶3     DeWitt commenced construction on the Willises' house, and the Willises took possession of the completed home on December 27, 2005. Within a few months, the Willises began to notice defects in the home that appeared to be related to earth movement or settlement, such as cracking of their driveway, garage ceiling, and exterior walls. In 2008, the Willises received a letter from a neighbor claiming that damage to neighborhood homes was caused by expansive soil.

¶4     The Willises filed suit against DeWitt in June 2012, asserting claims of fraudulent misrepresentation, fraudulent nondisclosure, negligent misrepresentation, breach of contract, breach of the covenant of good faith and fair dealing, and breach of implied warranty for DeWitt's failure to disclose the presence of expansive soil in the development. DeWitt moved for summary judgment, arguing that the Willises' claims were time-barred by the relevant statutes of limitations. The district court granted summary judgment in favor of DeWitt on the Willises' fraud and breach-of-implied-warranty claims. The district court initially denied DeWitt's motion for summary judgment on the Willises' claims for breach of contract and breach of the covenant of good faith and fair dealing. The court explained that "there is a question of fact as to whether or not any 'fraudulent concealment' took place," which the court believed could allow the Willises to "invoke the discovery rule and thereby toll the statute of limitations" with respect to those claims.

---

1. Expansive soil can damage building foundations by swelling as it absorbs water and contracting as it dries.

¶5    DeWitt filed a new motion for summary judgment addressing the fraudulent-concealment issue, and the district court concluded that the undisputed evidence showed that the Willises had knowledge of their claims on February 28, 2006. The district court therefore concluded that the Willises' contract-based claims brought on June 15, 2012, were time-barred under the six-year limitations period for contract actions against a builder. The Willises appeal.

## ISSUE AND STANDARD OF REVIEW

¶6    The Willises challenge the district court's grant of summary judgment dismissing their claims for breach of contract and breach of the covenant of good faith and fair dealing.[2] "[W]e review a district court's grant of summary judgment for correctness, considering only whether the trial court correctly applied the law and correctly concluded that no disputed issues of material fact existed." *Francis v. State*, 2013 UT 65, ¶ 19, 321 P.3d 1089 (citation and internal quotation marks omitted).

## ANALYSIS

¶7    The Willises argue that the district court erred both in concluding that there was no genuine dispute as to when the Willises had knowledge of their claims and in concluding that "the discovery rule does not apply to toll the statute of limitations." We do not directly reach the issues raised by the Willises, because we affirm the district court's grant of summary judgment on the alternative ground that Utah Code section 78B-2-225(3)(a) is a statute of repose not subject to equitable tolling and there are no

---

2. The Willises do not appeal the district court's grant of summary judgment on their fraud or breach-of-warranty claims.

disputed facts regarding when that statute began to run or when it expired.

## I. Utah Code Section 78B-2-225(3)(a) Is a Statute of Repose.

¶8      "A statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated or the remedy for the wrong committed is deemed waived." *Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 672 (Utah 1985). "A statute of repose bars all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury that gives rise to a cause of action." *Id.* Once the statutory period set by a statute of repose expires, "any cause of action is barred regardless of usual reasons for tolling the statute." *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 219 (Utah 1984) (internal quotation marks omitted). Thus, a party's ignorance of the injury, which is generally a ground for equitable tolling of a statute of limitations, does not toll a statute of repose. *See id.*

¶9      Utah Code section 78B-2-225 governs actions against providers of construction services for work done on a building site. Utah Code Ann. § 78B-2-225(1)(f), (3)(a) (LexisNexis 2008).[3] A homebuilder such as DeWitt is a provider as defined by the statute, *see id.* § 78B-2-225(1)(f), and section 78B-2-225(3)(a) therefore governs the Willises' claims here. That subsection states, "An action by or against a provider based in contract or warranty shall be commenced within six years of the date of completion of the improvement or abandonment of construction." *Id.* § 78B-2-225(3)(a). By its plain language, this statute "bars all actions after a specified period of time has run from the occurrence of some event

_____

3. Although the Willises' house was completed in December 2005, we cite the 2008 codification of the statute at Utah Code section 78B-2-225 because our legislature has directed that section 78B-2-225 "applies to all causes of action that accrue after May 3, 2003." Utah Code Ann. § 78B-2-225(11) (LexisNexis 2008).

other than the occurrence of an injury." *See Berry*, 717 P.2d at 672. Utah Code section 78B-2-225(3)(a) is therefore a statute of repose.[4]

¶10    This conclusion is bolstered by our supreme court's interpretation of Utah Code section 78-12-25.5 in *Craftsman Builder's Supply, Inc. v. Butler Manufacturing Co.*, 1999 UT 18, 974 P.2d 1194. There, the court concluded that section 78-12-25.5, a predecessor to section 78B-2-225, was a statute of repose. *Id.* In *Craftsman*, the statute at issue stated that "no action for breach of contract or warranty may be commenced against a provider more than six years after completion of the improvement or abandonment of construction" and established a twelve-year limitations period for all other actions. *Id.* ¶ 24 (quoting Utah Code Ann. § 78-12-25.5(4) (Michie 1996)); *see also* Utah Code Ann. § 78-12-25.5(5). The supreme court held that "[b]ecause these periods start to run on the date of completion or abandonment of the improvement without regard to the 'occurrence of an injury that gives rise to a cause of action,' they are statutes of repose." *Craftsman*, 1999 UT 18, ¶ 26 (quoting *Berry*, 717 P.2d at 672). The court then concluded that "the statute of repose provisions are not subject to a discovery rule" and barred the plaintiff's claims. *Id.* ¶ 27. Given that the language of section 78B-2-225(3)(a) is functionally identical to the language

---

4. The Willises assert that "[t]he issue of whether Utah Code Ann. § 78B-2-225(3)(a) is a statute of repose or a statute of limitations was never presented to the court or decided by the trial court, and is raised by [DeWitt] for the first time on [the] Willises' appeal." The Willises therefore argue that we should "refuse to consider" this issue. However, even if we were to conclude that DeWitt failed to raise this issue in the district court, that conclusion would not bar our consideration of the issue, because "[w]e may affirm a judgment on an unpreserved alternate ground where the alternate ground is apparent on the record." *Angel Investors, LLC v. Garrity*, 2009 UT 40, ¶ 38, 216 P.3d 944 (citation and internal quotation marks omitted). Because the record is adequate for us to affirm on this alternative ground, we exercise our discretion to do so here.

considered in *Craftsman*, we conclude that section 78B-2-225(3)(a) is likewise a statute of repose.

¶11 The Willises argue that section 78B-2-225(3)(a) is not a statute of repose because this court, in *Moore v. Smith*, 2007 UT App 101, 158 P.3d 562, affirmed a district court's equitable tolling of the limitations period set forth in Utah Code section 78-12-21.5(3)(a). Section 78-12-21.5 was recodified in 2008 as section 78B-2-225, and the relevant provision of section 78B-2-225 is identical to the provision analyzed in *Moore*. *Compare* Utah Code Ann. § 78-12-21.5(3)(a) (Lexis Supp. 1999), *with* Utah Code Ann. § 78B-2-225(3)(a) (LexisNexis 2008). However, the issue before this court in *Moore* was whether a trial court may apply an equitable discovery rule to a statutory limitations period that does not include an "internal," or statutory, discovery rule. 2007 UT App 101, ¶¶ 26–29. The question of whether section 78-12-21.5(3)(a) was a statute of repose—and thus whether the trial court erred in tolling the limitations period on that basis—was never addressed in *Moore* and does not appear to have been raised by the appellant as a ground for reversal.[5] *Id.* *Moore* therefore did not decide whether section 78-12-21.5(3)(a) was a statute of repose, and its holding is not inconsistent with our conclusion that section 78B-2-225(3)(a) is a statute of repose.

## II. The Willises' Contract-Based Claims Are Barred by Utah Code Section 78B-2-225(3)(a).

¶12 Having concluded that Utah Code section 78B-2-225(3)(a) is a statute of repose, we next consider whether the Willises' contract

---

5. The appellants in *Moore v. Smith* did argue that "the legislature intended to hold contract claims related to property improvements outside of the application of any discovery rule." 2007 UT App 101, ¶ 28, 158 P.3d 562. However, this court held that the appellants "provide[d] no authority for this legislative intent argument," and we rejected the argument without addressing its merits. *Id.*

claims are time-barred under that statute. "An action by or against a provider based in contract or warranty shall be commenced within six years of the date of completion of the improvement or abandonment of construction." Utah Code Ann. § 78B-2-225(3)(a) (LexisNexis 2008). It is undisputed that DeWitt completed construction and the Willises took possession of the house on December 27, 2005. The Willises therefore needed to commence any contract or warranty action against DeWitt within six years of that date. The Willises did not file suit until June 15, 2012. As a result, their contract claims are time-barred under the statute.[6] We therefore affirm the district court's summary judgment dismissing the Willises' claims.

CONCLUSION

¶13    Utah Code section 78B-2-225(3)(a) is a statute of repose and therefore may not be tolled by application of a discovery rule. The Willises' contract claims were not brought within six years of the completion of construction as required by statute, and are thus time-barred. We affirm the district court's summary judgment.

———————

6. The Willises' fraudulent-concealment argument is premised on a variation of the discovery rule that is applicable in cases involving statutes of limitations. *See Berenda v. Langford*, 914 P.2d 45, 51–52 (Utah 1996). Because Utah Code section 78B-2-225(3)(a) is a statute of repose, "the discovery rule cannot operate to toll" the six-year limit. *See Kunz v. Kunz* (*In re Marriage of Kunz*), 2006 UT App 151, ¶ 21, 136 P.3d 1278. The Willises have raised no argument that the circumstances of this case justify an exception to this rule.