In the Matter of the ESTATE OF
Ronald E. FITZGERALD.

Appeal of Darrell Thomas COSSEY.

No. 860054–CA.

Court of Appeals of Utah.

June 17, 1987.

Lee Anne Walker, Virginia Curtis Lee, Walker & Lee, Salt Lake City, for appellant.

J. Harold Call, Heber, for respondent.

Before Judges BILLINGS, GARFF and JACKSON.

## MEMORANDUM DECISION

JACKSON, Judge:

Darrell Thomas Cossey, the foster son of decedent Ronald Fitzgerald, appeals an order of the Third District Court appointing decedent's brother, Kenneth L. Fitzgerald, as personal representative of decedent's estate and implicitly holding two holographic wills invalid. The order was issued after appellant's motion for summary judgment, without hearing. We vacate the order and remand.

Ronald Fitzgerald died in Summit County, Utah, on November 19, 1983. He left two printed form documents entitled "Last Will and Testament." Decedent inserted his name at the beginning of each document. He affixed his signature at the end of both documents. On the face of each form he wrote, "I give, devise, and bequeath all of my estate to Darrell Thomas Kuhio Cossey." Darrell Cossey is the son of Ronald's former wife, Patricia Ann, from whom Ronald was divorced in 1975. Printed on the forms was the language "and I do devise and bequeath all the rest and residue of my estate, both real, personal and mixed to ____." In the blank space decedent wrote "Darrell Thomas Kuhio Cossey" on both forms. Both were "signed and sealed" by decedent and "published and declared as and for his Last Will and Testament" in the presence of Reva Fitzgerald, a notary public. The notary signed her name, wrote the date January 2, 1980, and affixed her seal on both wills.

Two variances appear between the two wills. One appointed "Patricia Ann" as executrix, and the date of April 11, 1977, was inserted by decedent in the blank

above his signature. The other appointed "Patricia Ann Christine Fernandez Cossey Fitzgerald Cossey" as executor [sic] and no date was inserted by decedent.

In April, 1984, one of decedent's siblings, Kenneth Fitzgerald, petitioned for formal appointment as Ronald's personal representative and for an adjudication of Ronald's intestacy. Appellant Cossey opposed that petition and, in early May of 1984, filed his own petition for admission of the holographic wills and for appointment of his mother as personal representative, as directed by the wills. Patricia Ann then died, and appellant amended his petition to request his own appointment in her stead. Cossey moved for summary judgment. In granting Kenneth Fitzgerald's petition, the trial court concluded that the holographic wills were not valid under either the Utah Uniform Probate Code, presumably Utah Code Ann. § 75–2–503 (1978), or its predecessor, Utah Code Ann. § 74–1–6 (repealed by Laws 1975, ch. 150, § 1).

On appeal, Cossey argues (1) that the provisions of the Utah Uniform Probate Code should apply in determining whether Ronald's holographic wills are valid, and (2) that, pursuant to Section 75–2–503 (1978), Ronald's wills are valid holographic wills that should have been admitted to probate. We agree.

■  Section 75–8–101 of the Utah Uniform Probate Code provides:

(1) This code takes effect on July 1, 1977.
(2) Except as otherwise provided in this code, on the effective date of this code:
(a) This code applies to any wills of decedents dying thereafter.
. . . .

Utah Code Ann. § 75–8–101 (1978). Under the plain language of this provision, the present Code must be applied to determine the validity of the holographic wills left by Ronald Fitzgerald, who died after July 1, 1977.

One of the holographic wills bears two dates. This raises a question as to the actual date of execution. The other will was "signed and sealed," "published and declared" by decedent before a notary on January 2, 1980. But, as Utah Code Ann. § 75–8–101 makes clear, it is not the date of the wills' execution that determines whether the present Probate Code applies. It is the fact that decedent died after the statute's effective date, July 1, 1977, that is determinative. The trial court erred as a matter of law in holding otherwise.

Section 75–2–503 of the Utah Uniform Probate Code states:

A will which does not comply with section 75–2–502 is valid as a holographic will, whether or not witnessed, *if the signature and the material provisions are in the handwriting of the testator.* If there are several holographic wills in existence with conflicting provisions, the holographic will which is established by date or other circumstances to be the will that was last executed shall control. If it is impossible to determine which will was last executed, the consistent provisions of the several wills shall be considered valid and the inconsistent provisions shall be considered invalid.

Utah Code Ann. § 75–2–503 (1978) (emphasis added). The Editorial Board Comment explains:

This section enables a testator to write his own will in his handwriting. There need be no witnesses. The only requirement is that the signature and the material provisions of the will be in the testator's handwriting. By requiring only the "material provisions" to be in the testator's handwriting (rather than requiring, as some existing statutes do, that the will be "entirely" in the testator's handwriting) a holograph may be valid even though immaterial parts such as date or introductory wording be printed or stamped. A valid holograph might even be executed on some printed will forms if the printed portion could be eliminated and the handwritten portion could evidence the testator's will.

■  Ronald Fitzgerald died after July 1, 1977. He handwrote the material provisions of the will dated only January 2, 1980 with precise legalese: "I give, devise, and bequeath all of my estate to Darrell Thomas Kuhio Cossey." Decedent's testamenta-

ry intent is clearly revealed in the words he wrote. Since every required statutory element was expressed in his handwriting, no sound purpose or policy was served by invalidating Fitzgerald's holographic will. *See Estate of Black,* 30 Cal.3d 880, 889, 641 P.2d 754, 759, 181 Cal.Rptr. 222, 227 (1982). The will with two dates is facially ambiguous about whether it was executed before or on the same date as the single-dated will. However, the terms of the twice-dated will do not conflict with the other will's terms. These consistent provisions must be considered valid. Utah Code Ann. § 75–2–503 (1978).

The holographic wills should have been admitted to probate. The order of the trial court appointing Kenneth Fitzgerald as the personal representative of decedent is vacated, and the case is remanded for proceedings consistent with this decision. No costs are awarded.

BILLINGS and GARFF, JJ., concur.