STANDARD FEDERAL SAVINGS. AND LOAN ASSOCIATION, a federally chartered savings and loan, Plaintiff and Appellee,

v.

Thomas K. KIRKBRIDE and Rufe Soule, both individuals, Defendants and Appellants.

No. 900017.

Supreme Court of Utah.

May 17, 1991.

Rehearing Denied Jan. 13, 1992.

Ralph J. Marsh, Salt Lake City, for Thomas K. Kirkbride.

Thomas M. Melton, Don R. Schow, Salt Lake City, for Standard Fed. Sav. and Loan Ass'n.

ZIMMERMAN, Justice:

We granted appellants Thomas K. Kirkbride and Rufe Soule permission to take an interlocutory appeal from a trial court ruling denying their motion to dismiss an action brought by Standard Federal Savings and Loan Association ("Standard Federal"). *See* Utah R.App.P. 5. In its complaint, Standard Federal sought a deficiency judgment for amounts remaining unpaid after the sale under a trust deed of property securing a note executed by Kirkbride and

Soule. Kirkbride and Soule contend that the trial court should have dismissed the action as barred by section 57-1-32 of the Code. *See* Utah Code Ann. § 57-1-32 (1990). That section requires that any action for a deficiency judgment be filed within three months of a foreclosure and sale under a trust deed. *Id.* We reject the contention of Kirkbride and Soule and affirm the trial court's order denying the motion to dismiss.

Kirkbride and Soule signed and delivered to Standard Federal a promissory note for $244,000. The note was secured with a deed of trust covering real property in Park City, Utah. Kirkbride and Soule later defaulted on their obligations under the note. Standard Federal foreclosed on the property, which was sold on March 8, 1987. Section 57-1-32 of the Code gives a creditor three months after foreclosure and sale under a trust deed to bring an action for a deficiency judgment. Utah Code Ann. § 57-1-32 (1990). In accordance with that section, Standard Federal then filed an action to recover the deficiency on June 8, 1987. Because Standard Federal did not issue summonses to both defendants within 120 days, as required by Utah Rule of Civil Procedure 4(b), the trial judge granted a motion by Kirkbride and Soule to dismiss the action without prejudice on May 2, 1988. *See* Utah R.Civ.P. 4(b).

On March 13, 1989, Standard Federal refiled the action, seeking the same relief. Kirkbride and Soule moved to dismiss the second action on the ground that the three-month time limit within which an action for a deficiency must be brought had passed. The trial court denied the motion to dismiss, and we granted permission to appeal. *See* Utah R.App.P. 5.

■ The facts are not in dispute. The trial court made its ruling based on its interpretation of the law. We give no deference to the trial court's legal determinations, but review them for correctness. *Transamerica Cash Reserve, Inc. v. Dixie Power & Water, Inc.*, 789 P.2d 24 (Utah 1990); *State ex rel. Division of Consumer Protection v. Rio Vista Oil, Ltd.*, 786 P.2d 1343 (Utah 1990); *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985).

Section 57-1-32 sets forth the remedies available to a creditor to recover any amounts secured by a trust deed after the property subject to the trust deed is sold. As noted, the statute gives a creditor three months after a sale of property under a trust deed to bring an action for any amounts remaining unpaid. Kirkbride and Soule argue that this provision establishes an absolute statute of limitations for such deficiency actions and that if brought after the three-month period, the action is barred. Kirkbride and Soule specifically argue that Utah's Renewal Statute, section 78-12-40 of the Code, has no application to such an action.

Section 78-12-40 provides:

If any action is commenced within due time and a judgment thereon for the plaintiff is reversed, or if the plaintiff fails in such action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the same shall have expired, the plaintiff, or if he [or she] dies and the cause of action survives, his [or her] representatives, may commence a new action within one year after the reversal or failure.

Utah Code Ann. § 78-12-40 (1987). Kirkbride and Soule reason that a general renewal statute does not apply when the specific statute authorizing the underlying action has its own time limitation. By including an explicit time limit in the particular statute, the legislature has implicitly rejected application of a general extension statute such as section 78-12-40.

Counsel has not directed us to any cases dealing with the operation of saving statutes such as section 78-12-40 in the context of actions for trust deed deficiencies under statutes containing their own limitation periods, nor have we found any such decisions. We are unaware of any legislative history that explains the intended interaction of the two laws. We can, however, refer to the language of the statutes and to their apparent purposes, to our own decisions in somewhat analogous cases,

and to the practical consequences of the position argued by Kirkbride and Soule.

■ We first consider the language and apparent purpose of section 57–1–32. Kirkbride and Soule contend that the language indicates a purpose to bar any action not initiated within three months and then resolved on the merits for the plaintiff. There is nothing in the language of the statute suggesting an intent to reach such a draconian result. If that is what the legislature intended to accomplish, it certainly knows how to do so. For example, section 63–30–13 of the Governmental Immunity Act provides: "A claim against a political subdivision ... is *barred* unless notice of claim is filed ... within one year after the claim arises...." Utah Code Ann. § 63–30–13 (1989) (emphasis added); *see Yates v. Vernal Family Health Center,* 617 P.2d 352 (Utah 1980) (upholding dismissal for failure to file a timely notice of claim).

In the absence of such a plain expression of intent, we have generally read statutes that impose preconditions to filing suit as establishing only procedural hurdles to suit, hurdles that can be cleared, rather than absolute bars to suit. For example, in *Yates* we permitted a plaintiff to proceed under section 78–12–40 when the initial action had been dismissed for failure to serve a "notice of intent to commence action" under the Utah Medical Malpractice Act, section 78–14–8. *Yates,* 617 P.2d at 354; Utah Code Ann. § 78–14–8 (1987). We conclude that section 57–1–32 does not permanently bar further proceedings anytime some procedural failing results in the dismissal of a properly filed action.

■ As a fallback position, Kirkbride and Soule contend that even if section 57–1–32 does not impose an absolute bar by its plain terms, we should not apply section 78–12–40 to an action brought under section 57–1–32. They reason that section 78–12–40 is a general renewal statute and, as such, it may appropriately be applied in a case asserting a common law action or a cause of action created by a statute lacking a specific limitation period. However, they assert that where a statute creates a cause of action and contains a specific limitation period for that cause of action, it should be inferred that the legislature intended to bar the application of a general renewal statute.

■ We find this argument unpersuasive. The relevant inquiry is whether the legislature made plain an intention to bar forever claims of those who are guilty of a procedural misstep. *See Madsen v. Borthick,* 769 P.2d 245 (Utah 1988); *Rhoades v. Wright,* 622 P.2d 343 (Utah 1980); *Foil v. Ballinger,* 601 P.2d 144 (Utah 1979). As previously noted, we find no such indication here.

A more sensible view of the operation of the three-month limitation period contained in section 57–1–32 is that its primary purpose is satisfied when the foreclosing party provides notice to the debtor that a deficiency will be sought by filing the action. *Cf.* Legis.Hist. Utah Code Ann. § 78–14–8 (1987) (Medical Malpractice Act's notice provision intended to allow parties opportunity to resolve claims prior to filing of action); *Spencer v. Salt Lake City,* 17 Utah 2d 362, 363, 412 P.2d 449, 450 (1966) (notice requirement under Governmental Immunity Act intended to give governmental entity opportunity to conduct inquiry).

Prior to the enactment of specific trust deed foreclosure statutes, the general rule was that after foreclosing on the property securing the note, the mortgagor could wait the period of the statute of limitations to give a debtor notice that it would seek a deficiency judgment. *See* 55 Am.Jur.2d *Mortgages* § 913 (1971). This delay could leave the debtor in a state of financial uncertainty for years. Under trust deed statutes such as section 57–1–32, the creditor is given a speedy remedy of foreclosure and sale, but in exchange, it must promptly put the debtor on notice as to whether it will seek any balance due by commencing an action. Once this notice is given or the three-month time period runs, the debtor can plan accordingly.

In the present case, Kirkbride and Soule were put on notice within three months of the date of the sale of the collateral that a

deficiency would be sought. They managed to have that first action dismissed on a procedural point after the three-month period had run, but they had received notice that their creditor intended to pursue the deficiency. When the initial action was filed, they received all the benefit the three-month limit conferred on them. We conclude that the trial court properly denied the Kirkbride and Soule motion to dismiss under section 57-1-32.

■ Kirkbride and Soule raise an additional issue on appeal. They contend that the trust deed sale was invalid because the sale did not comply with the requirements as set out in the statute. Specifically, Kirkbride and Soule argue that the notice of the trust deed sale was given prior to the time authorized in the statute. *See* Utah Code Ann. § 57-1-24 (1990). Because this was a violation of the statute, Standard Federal should not receive the benefits available under the foreclosure trust deed statute. This argument is raised for the first time on appeal. Except in extraordinary circumstances which are not present here, we decline to review a matter not raised in the lower court. *Drummond v. Union Pac. R.R.*, 111 Utah 289, 301, 177 P.2d 903, 909 (1947).

We affirm the trial court's denial of Kirkbride and Soule's motion to dismiss.

HALL, C.J., HOWE, Associate C.J., STEWART, J., and GARFF, Court of Appeals Judge, concur.

DURHAM, J., having disqualified herself, does not participate herein; GARFF, Court of Appeals Judge, sat.