2015 UT App 259

## THE UTAH COURT OF APPEALS

IN THE MATTER OF THE ESTATE OF VERN C. STRAND

MICHAEL STRAND,
Appellant,
*v.*
DIANE DIMEO AND JERRY STRAND,
Appellees.

Memorandum Decision
No. 20140439-CA
Filed October 22, 2015

Second District Court, Farmington Department
The Honorable Robert J. Dale
No. 123700456

Michael Strand, Appellant Pro Se

George A. Hunt and Richard C. Dibblee, Attorneys
for Appellees

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES STEPHEN L. ROTH and JOHN A. PEARCE concurred.

DAVIS, Judge:

¶1     Michael Strand appeals from the district court's denial of
his petition to probate the will of Vern C. Strand (Father) that he
filed twenty-five years after Father's death in 1987. In his
petition, Michael alleged that his brother, Jerry Strand, had
drafted the will for Father in 1972 and fraudulently concealed it
by failing to affirmatively disclose the will's existence to all of
the interested parties under the will. The district court rejected
Michael's argument that Jerry's alleged concealment of the
existence of Father's will triggered the equitable discovery rule,
tolling the applicable three-year statute of limitations. *See
generally* Utah Code Ann. § 75-3-107(1) (LexisNexis Supp. 2014);

*Berenda v. Langford*, 914 P.2d 45, 51 (Utah 1996) (explaining that the discovery rule, which tolls the statute of limitations, "applies when mandated by statute, when a defendant has concealed a plaintiff's cause of action, or when exceptional circumstances exist"). We affirm.

¶2     Michael first argues that the district court erred when it evaluated his fraudulent concealment claim under the version of the Utah Code in effect at the time of Father's 1987 death, rather than the version in effect at the time Father executed the will in 1972. *See* Utah Code Ann. § 68-3-3 (LexisNexis 2014) ("A provision of the Utah Code is not retroactive, unless the provision is expressly declared to be retroactive."). The district court ruled that the relevant provision of the Probate Code is procedural, rather than substantive, and that the version in effect at Father's death in 1987, not the version in effect when Father executed his will in 1972, applied. *See Goebel v. Salt Lake City S. R.R. Co.*, 2004 UT 80, ¶ 39, 104 P.3d 1185 (explaining that the prohibition against retroactive application of the Utah Code "applies only with respect to substantive laws" and that procedural "statutes that do not enlarge, eliminate, or destroy substantive rights can be applied retroactively" (citation and internal quotation marks omitted)). We need not decide whether the Probate Code provision at issue is procedural or substantive, because the legislature has expressly indicated that the current version of the Probate Code should apply. *See generally Bailey v. Bayles*, 2002 UT 58, ¶ 10, 52 P.3d 1158 ("It is well settled that an appellate court may affirm the judgment appealed from if it is sustainable on any legal ground or theory apparent on the record . . . ." (citation and internal quotation marks omitted)).

¶3     "In interpreting a statute, the court must look first to its plain language." *Valcarce v. Fitzgerald*, 961 P.2d 305, 318 (Utah 1998). Section 75-8-101 of the Probate Code provides, "(1) This code takes effect on July 1, 1977. (2) Except as provided elsewhere in this code, on the effective date of this code: (a) This code applies to any wills of decedents dying thereafter." Utah Code Ann. § 75-8-101(1), (2)(a) (Michie 1993). In other words, "it is not the date of the wills' execution that determines whether

the present Probate Code applies. It is the fact that decedent died after the statute's effective date, July 1, 1977, that is determinative." *In re Estate of Fitzgerald*, 738 P.2d 236, 237 (Utah Ct. App. 1987). Accordingly, the district court did not err when it evaluated Michael's petition under the current version of the Probate Code, which is the same version that was in effect at the time of Father's death. *See* Utah Code Ann. § 75-8-101 & hist.

¶4 Next, Michael contends that the district court erred in rejecting his argument that his petition to probate Father's will was timely because the fraudulent concealment branch of the equitable discovery rule tolled the three-year statute of limitations. *See Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶¶ 25–26, 108 P.3d 741 (explaining the equitable discovery rule and the concealment version of the rule). Michael's argument and the district court's ruling thereon presuppose the availability of the equitable discovery rule in this case. We conclude that the three-year "statute of limitations" in the Probate Code is actually a statute of repose and is not subject to the equitable tolling rules Michael relies upon.

¶5 "A statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated or the remedy for the wrong committed is deemed waived," while a "statute of repose bars all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury that gives rise to a cause of action." *Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 672 (Utah 1985). Statutes of repose "are not subject to a discovery rule." *See Willis v. DeWitt*, 2015 UT App 123, ¶ 10, 350 P.3d 250 (citation and internal quotation marks omitted).

¶6 The Probate Code provides, "No informal probate proceeding or formal testacy proceeding . . . may be commenced more than three years after the decedent's death." Utah Code Ann. § 75-3-107(1) (LexisNexis Supp. 2014). The code lists three exceptions to this three-year rule, none of which apply in this case. *See id.; see also Russell Packard*, 2005 UT 14, ¶ 21 (indicating that some statutes contain an "'internal discovery rule'" that

mandates application of the discovery rule in certain circumstances). The Probate Code then states, "If no will is probated within three years from death, the presumption of intestacy is final and the court shall upon filing a proper petition enter an order to that effect." Utah Code Ann. § 75-3-107(3). In other words, the Probate Code not only enumerates the available exceptions to its three-year timeframe, but it also marks the beginning of the three-year period as the date of the decedent's death, i.e., it "bars all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury that gives rise to a cause of action." *See Berry*, 717 P.2d at 672.

¶7 Moreover, the Probate Code provides a remedy to individuals in Michael's position who claim that they were prevented from bringing a probate petition within three years of the decedent's death due to another's concealment of the will. Section 75-1-106 states,

> Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this code or if fraud is used to avoid or circumvent the provisions or purposes of this code, any person injured thereby may obtain appropriate relief against the perpetrator of the fraud or restitution from any person (other than a bona fide purchaser) benefitting from the fraud, whether innocent or not. Any proceeding must be commenced within three years after the discovery of the fraud, but no proceeding may be brought against one not a perpetrator of the fraud later than five years after the time of commission of the fraud.

Utah Code Ann. § 75-1-106 (Michie 1993). The editorial note following section 75-1-106 clarifies that this section aims to provide a remedy to a plaintiff "if a will is fraudulently concealed after the testator's death and its existence is not discovered until after the basic three-year period . . . has

elapsed." *Id.* editorial note. The editorial note also indicates the need to balance the injury caused by an individual's fraudulent concealment with the need for finality in probate actions, stating, "The final limitation in this section is designed to protect innocent distributees after a reasonable period of time. There is no limit (other than the [3] years from discovery of the fraud) against the wrongdoer." *See id.* (alteration in original).

¶8 Similarly, the Probate Code imposes section 75-3-107's three-year timeframe on actions to modify or vacate a formal testacy order based on proof of a late-discovered will. *See id.* § 75-3-412(1) ("[A] formal testacy order . . . is final as to all persons with respect to all issues concerning the decedent's estate that the court considered or might have considered . . . ."); *id.* § 75-3-412(3)(b) ("A petition for vacation under either Subsections (1)(a) or (b) must be filed prior to the earlier of the following time limits: . . . the time prescribed by Section 75-3-107 when it is no longer possible to initiate an original proceeding to probate a will of the decedent."); *see also In re Estate of Chasel*, 725 P.2d 1345, 1347 (Utah 1986) ("After an estate has been probated and a closing order entered in a formal testacy proceeding, the court may not thereafter vacate an order approving final distribution of the estate to admit a newly discovered will to probate."). Thus, our conclusion that section 75-3-107 is a statute of repose, rather than a statute of limitations, complements the availability of a cause of action under section 75-1-106 against an individual believed to have fraudulently concealed a will and the Probate Code's underlying purpose of facilitating the prompt and final settlement of estates.[1] *See* Utah Code Ann. § 75-3-101

---

1. We recognize that in *Berneau v. Martino*, 2009 UT 87, 223 P.3d 1128, our supreme court applied the exceptional circumstances branch of the discovery rule to toll a previous version of section 75-3-107's three-year timeframe. *See id.* ¶¶ 16, 27. We do not consider the *Berneau* court's application of the exceptional circumstances branch of the discovery rule to be at odds with our decision in the present case. When *Berneau* was decided, section 75-3-107 imposed a time limit on the court's ability to

(continued…)

(Michie 1993); *id.* § 75-1-102(2)(c) (indicating that one of the purposes of the Probate Code is "[t]o promote a speedy and efficient system for administering the estate of the decedent and making distribution to his successors").

¶9     Accordingly, we affirm the district court's ruling denying Michael's petition to probate Father's will, but we do so on the limited ground that the discovery rule is not available to toll section 75-3-107, a statute of repose. *See Bailey v. Bayles*, 2002 UT 58, ¶ 10, 52 P.3d 1158 ("It is well settled that an appellate court may affirm the judgment appealed from if it is sustainable on any legal ground or theory apparent on the record . . . ." (citation and internal quotation marks omitted)). And because Michael's fraudulent concealment argument is not framed in the context of section 75-1-106, we do not address the court's findings on that issue or Michael's arguments related to it on appeal.

––––––––––––

(…continued)
appoint a personal representative to a decedent's estate and, in turn, undermined the *Berneau* plaintiff's ability to bring a statutorily provided tort cause of action against a deceased tortfeasor's liability insurer. *See id.* ¶¶ 16 & n.1, 21, 27 (applying the 1993 version of section 75-3-107). *Berneau*, however, is factually distinct from the present case, and most notably, it did not involve issues that would undermine the finality of the decedent's estate. In fact, the *Berneau* court recognized, "The need for finality in estate assets trumps any equitable tolling, even if irrational or unjust. Harsh requirements are typical in estate matters and the legislature purposely sets strict time limits for efficient and final administration of estates." *Id.* ¶ 30; *see also* Act of May 14, 2013, ch. 364, § 15, 2013 Utah Laws 1874, 1885–86 (addressing the issues raised in *Berneau* by amending section 75-3-107 so that a court's ability to appoint a personal representative is explicitly excluded from the three-year timeframe).