*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2025 UT 36**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

In the Matter of the Estate of BEVERLY MARIE DAVIES

TIFFANY DAVIES HARMAN, HEATHER DAVIES, RORY DAVIES,
and THOMAS DAVIES,
*Appellants,*

*v.*

JODI KITTINGER,
*Appellee.*

No. 20231140
Heard April 11, 2025
Filed August 21, 2025

On Appeal of Interlocutory Order

Fourth District Court, Provo
The Honorable M. James Brady
No. 223401061

Attorneys:

Nathan R. Garcia, Aaron C. Garrett, Salt Lake City, for appellants

Emily Adams, Freyja Johnson, Bountiful, for appellee

JUSTICE POHLMAN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE,
JUSTICE PETERSEN, and JUSTICE HAGEN joined.

JUSTICE POHLMAN, opinion of the Court:

## INTRODUCTION

¶1 Beverly Davies died in 2015. Just under three years later, her granddaughter, Jodi Kittinger (Granddaughter), filed a petition to probate Davies's will. That petition was later dismissed without

prejudice for failure to prosecute. Less than one year after the dismissal, Granddaughter refiled her petition.

¶2    Davies's other grandchildren (Grandchildren) moved for partial summary judgment, seeking the dismissal of Granddaughter's petition and a declaration that Davies died without a will. They argued that the petition was untimely under section 75-3-107 of the Utah Uniform Probate Code, which requires certain probate proceedings to be commenced within three years of the date of a decedent's death. *See* UTAH CODE § 75-3-107(1), (3). They also argued that Utah's so-called Savings Statute, *id*. § 78B-2-111, which generally permits a party to commence an otherwise untimely action within one year of a prior case's non-merits dismissal, does not apply to section 75-3-107 and so Granddaughter could not take advantage of the statute's grace period to refile her petition. The district court rejected Grandchildren's arguments and denied their motion, concluding that the Savings Statute protects Granddaughter's otherwise untimely petition from dismissal.

¶3    We granted Grandchildren's petition for interlocutory appeal to address whether the Savings Statute applies to section 75-3-107 of the Probate Code and allows a petitioner to commence probate proceedings beyond the three-year statutory limitation. We hold that it does not, because the plain language of the Probate Code conflicts with the application of the Savings Statute. We therefore conclude that Granddaughter's second petition—filed nearly seven years after Davies's death—is prohibited.

¶4    Accordingly, we reverse the district court's decision denying Grandchildren's motion for partial summary judgment and remand for proceedings consistent with this opinion.

## BACKGROUND[1]

¶5    Davies died on December 1, 2015. On November 27, 2018, Granddaughter filed a petition in the district court to probate Davies's will. By her petition, Granddaughter sought an order appointing herself as the personal representative of Davies's estate and an order declaring the will valid and accepted for informal

---

[1] In reviewing a district court's denial of summary judgment, "we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party" and recite the facts accordingly. *Utah Dep't of Env't Quality v. Redd*, 2002 UT 50, ¶ 3, 48 P.3d 230.

probate. After nearly three years had passed with no activity in the case, the court issued an order to show cause why the case should not be dismissed for lack of prosecution. *See* UTAH R. JUD. ADMIN. 4-103. When the court's notice went unanswered, it dismissed the case without prejudice on October 15, 2021.

¶6 On October 14, 2022, just one day shy of the first anniversary of her petition's dismissal, Granddaughter filed another petition to probate Davies's will. The second petition largely mirrored the first. But the second differed in that it included an assertion that the second filing was timely under Utah's Savings Statute, which permits a party to commence a new action within one year of an action's dismissal if the original action was timely filed, the dismissal was not on the merits, and the time for bringing the action has otherwise expired. *See* UTAH CODE § 78B-2-111(1). According to Granddaughter, the Savings Statute gave her second petition "the benefit of" the original petition's filing date, and thus her second petition—filed more than seven years after Davies's death—did not run afoul of the Probate Code's three-year time limitation.

¶7 After appearing and objecting to Granddaughter's appointment as the personal representative of Davies's estate, Grandchildren moved for partial summary judgment, asserting that the probate proceeding must be dismissed as untimely under section 75-3-107 of Utah's Probate Code (Timing Statute). Grandchildren argued that because the second petition was filed more than three years after Davies's death, the filing was too late, and the presumption of intestacy was final. *See id.* § 75-3-107(1), (3). Grandchildren also addressed Granddaughter's invocation of the Savings Statute. Citing the court of appeals' decision in *In re Estate of Strand*, 2015 UT App 259, ¶ 4, 362 P.3d 739, Grandchildren argued that the Savings Statute does not extend the time to probate a will under the Timing Statute because the Timing Statute is a statute of repose, and statutes of repose are not subject to equitable tolling.

¶8 Granddaughter opposed Grandchildren's motion. She dismissed *Strand* as inapplicable and maintained that the Savings Statute applies "by [its] plain language," even if the Timing Statute is a statute of repose. And because Granddaughter refiled the petition within one year of the non-merits dismissal of her original petition, she argued that her petition was timely.

¶9 The district court sided with Granddaughter and denied Grandchildren's motion. The court agreed that the Timing Statute is a statute of repose, but it rebuffed Grandchildren's reliance on *Strand*, explaining that the court of appeals' analysis was "expressly limited to . . . equitable tolling and [was] not an analysis of statutory tolling." The district court then concluded that "statutory tolling could be enforced" on the Timing Statute. And on this basis, the court denied Grandchildren's motion and allowed the proceeding to continue.

¶10 Grandchildren sought interlocutory review of the district court's decision, which we granted.

## ISSUE AND STANDARD OF REVIEW

¶11 Grandchildren ask us to review whether the district court erred in denying their motion for partial summary judgment. They assert that the court erroneously concluded that the one-year grace period in the Savings Statute applies to the Timing Statute.[2]

¶12 This issue requires us to interpret both statutes and how they intersect. A district court's statutory interpretation presents legal questions that we review for correctness. *Ellis v. Est. of Ellis*, 2007 UT 77, ¶ 6, 169 P.3d 441. Likewise, we "review a district court's legal conclusions and ultimate grant or denial of summary judgment for correctness." *Penunuri v. Sundance Partners, Ltd.*, 2017 UT 54, ¶ 14, 423 P.3d 1150 (cleaned up).

## ANALYSIS

¶13 We are called on in this case to interpret the intersection of two statutes: the Savings Statute, UTAH CODE § 78B-2-111, and the Timing Statute, *id.* § 75-3-107. The Savings Statute is a remedial statute of general applicability housed in Utah's Judicial Code. It provides, in relevant part, "If any action is timely filed and . . . the plaintiff fails in the action or upon a cause of action otherwise than upon the merits, and the time limited . . . by law . . . for commencing the action has expired, the plaintiff . . . may

---

[2] Grandchildren alternatively assert that the court should have granted their motion and dismissed Granddaughter's petition as untimely because of alleged defects in her original and refiled petitions. Because we conclude that the Savings Statute does not apply to section 75-3-107 of the Probate Code, we do not reach this issue.

commence a new action within one year after the . . . failure." *Id.*
§ 78B-2-111(1).

¶14 The Timing Statute, meanwhile, is part of the Probate
Code and provides that, with certain enumerated exceptions, "[a]n
informal probate proceeding or formal testacy proceeding . . . may
not be commenced more than three years after the decedent's
death."[3] *Id.* § 75-3-107(1). It also states that "[i]f no will is probated
within three years from death, the presumption of intestacy is final
and the court shall upon filing a proper petition enter an order to
that effect." *Id.* § 75-3-107(3).

¶15 Grandchildren contend that the Savings Statute does not
apply to actions subject to the Timing Statute, and that the court

---

[3] Subsection 75-3-107(1), with its exceptions, reads in its entirety:

An informal probate proceeding or formal testacy
proceeding, other than a proceeding to probate a will
previously probated at the testator's domicile, may
not be commenced more than three years after the
decedent's death, except:

(a) if a previous proceeding was dismissed because
of doubt about the fact of the decedent's death,
appropriate probate or testacy proceedings may
be maintained at any time thereafter upon a
finding that the decedent's death occurred prior
to the initiation of the previous proceeding and
the applicant or petitioner has not delayed unduly
in initiating the subsequent proceeding;

(b) appropriate probate or testacy proceedings may
be maintained in relation to the estate of an
absent, disappeared, or missing person for whose
estate a conservator has been appointed, at any
time within three years after the conservator
becomes able to establish the death of the
protected person; or

(c) a proceeding to contest an informally probated
will and to secure appointment of the person with
legal priority for appointment in the event the
contest is successful, may be commenced within
the later of 12 months from the informal probate
or three years from the decedent's death.

UTAH CODE § 75-3-107(1).

therefore erred in concluding that the Savings Statute allowed Granddaughter to commence her probate proceeding after the statutory deadline for commencing such a proceeding had passed. They advance two arguments in support of their position. First, they argue that the Timing Statute is a statute of repose and that the Savings Statute "should not apply to statutes of repose" as a class. Next, they argue that the plain language of both statutes precludes the Savings Statute's application to allow a filing that would otherwise be untimely under the Timing Statute.

¶16 Granddaughter disagrees. She argues that the Timing Statute is not a statute of repose, but rather a statute of limitations to which the Savings Statute applies. She also argues, in line with the district court's reasoning, that even if the Timing Statute is a statute of repose, the Savings Statute applies to actions timely filed under either a statute of repose or a statute of limitations, and that "nothing in the Probate Code or Timing Statute . . . precludes operation of the Savings Statute."

¶17 Ultimately, it is immaterial whether the Timing Statute is properly labeled a statute of limitations or a statute of repose because the label does not drive our analysis. Instead, the relevant question is whether the legislature intended the Savings Statute to apply to the Timing Statute, and we resolve that question not by affixing a label to the Timing Statute but by employing our ordinary tools of statutory interpretation. And, as we explain, we conclude that the district court erred in denying Grandchildren's motion for partial summary judgment because the Savings Statute does not apply to petitions filed under the Timing Statute.

I.  IT IS IMMATERIAL WHETHER THE TIMING STATUTE IS A STATUTE OF LIMITATIONS OR A STATUTE OF REPOSE

¶18 We first turn to the question of whether the Timing Statute, which imposes a three-year deadline on the filing of an informal probate or formal testacy proceeding, is a statute of limitations or a statute of repose. Grandchildren submit that the answer to the question matters because whether the Savings Statute applies to the Timing Statute is informed by which label applies.

¶19 In comparing the two types of statutes, we have recognized that "[s]tatutes of repose . . . are different from statutes of limitations, although to some extent they serve the same ends." *Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 672 (Utah 1985). Both establish deadlines for the filing of legal actions, but we have distinguished between them "by looking to the event that

triggers the start of the statutory timeframe." *Waite v. Utah Lab. Comm'n*, 2017 UT 86, ¶ 11, 416 P.3d 635. "[I]f the trigger is the accrual of a cause of action, it is a statute of limitation . . . ." *Id.*; *see also Berry*, 717 P.2d at 672 ("A statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated . . . ."). If the trigger "is some other event, it is a statute of repose." *Waite*, 2017 UT 86, ¶ 11; *see also Berry*, 717 P.2d at 672 ("A statute of repose bars all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury that gives rise to a cause of action.").

¶20 We have also recognized that although there is overlap between the policies served by the different statutes, each has a unique purpose and is focused on a different actor. While statutes of limitations are focused on plaintiffs and are designed to prevent them "from sleeping on their legal rights to the detriment of defendants," statutes of repose emphasize the need for certainty and finality for defendants, and "are generally enacted" "for specific reasons," such as "to curb rising insurance rates . . . and to reduce the risk and uncertainty of liability for manufacturers." *Raithaus v. Saab-Scandia of Am., Inc.*, 784 P.2d 1158, 1160–61 (Utah 1989) (cleaned up). In other words, "[s]tatutes of repose effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014) (cleaned up).

¶21 Granddaughter contends that the Timing Statute is a statute of limitations. This is so, according to Granddaughter, "because the event th[at] triggers the start of the statutory timeframe is the accrual of the cause of action—the decedent's death." And observing that the Savings Statute generally applies to statutes of limitations, Granddaughter reasons that the Savings Statute applies to the Timing Statute. (Citing *McBride-Williams v. Huard*, 2004 UT 21, ¶ 14, 94 P.3d 175; *Ewing v. State, Dep't of Transp.*, 2010 UT App 158, ¶ 7, 235 P.3d 776.)

¶22 Grandchildren, on the other hand, share the district court's view that the Timing Statute is a statute of repose because its three-year time limitation "start[s] to run on the date of the decedent's death without regard to the occurrence of an injury that gives rise to a cause of action." (Citing *In re Est. of Strand*, 2015 UT App 259, ¶ 8, 362 P.3d 739.) And based on their view that "the Savings Statute does not apply to statutes of repose," Grandchildren

conclude that the Savings Statute does not apply to the Timing Statute.

¶23 We are not persuaded that the Timing Statute fits neatly into either category. Our discourse comparing statutes of limitations and statutes of repose has largely developed around statutes that impose deadlines on plaintiffs who seek relief from defendants for injuries caused by a tortious act. *See, e.g., Jensen v. Intermountain Healthcare, Inc.*, 2018 UT 27, ¶ 15, 424 P.3d 885 (Utah Health Care Malpractice Act); *Raithaus*, 784 P.2d at 1160–62 (Utah Product Liability Act); *Berry*, 717 P.2d at 672–73 (same); *Sun Valley Water Beds of Utah, Inc. v. Herm Hughes & Son, Inc.*, 782 P.2d 188, 189 (Utah 1989) (Utah's architects and builders statute of repose).[4] Thus, when distinguishing between the two, we often speak in terms of injuries and causes of action. *See supra* ¶ 19. But those terms don't translate well to the Timing Statute in the Probate Code—a statute that governs the filing of a petition to probate a will.[5]

¶24 And ultimately we need not label the Timing Statute either a statute of repose or a statute of limitations because we have not declared that the Savings Statute *always* applies to statutes of limitations or that the Savings Statute *never* applies to statutes of repose.[6] Instead, we conclude that the better course is to analyze

---

[4] *But see Petersen v. Utah Lab. Comm'n*, 2017 UT 87, ¶¶ 11–16, 416 P.3d 583 (analyzing Workers' Compensation Act provision); *Waite*, 2017 UT 86, ¶¶ 7–17 (same).

[5] A "cause of action" has been defined as "[a] group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person." *Cause of Action*, BLACK'S LAW DICTIONARY (12th ed. 2024). In contrast, "probate" is defined as "[t]he judicial procedure by which a testamentary document is established to be a valid will; the proving of a will to the satisfaction of the court." *Probate*, BLACK'S LAW DICTIONARY (12th ed. 2024).

[6] In *McBride-Williams*, for example, we found "no inherent conflict between statutes of limitations generally and the savings statute," but we allowed for the possibility that the Savings Statute (then codified at Utah Code section 78-12-40 (2000)) could be preempted by a particular statute of limitations. 2004 UT 21, ¶ 14. And although Grandchildren claim that the Savings Statute does

(continued . . .)

whether the Savings Statute applies to a particular statute based on legislative intent—regardless of whether that statute is labeled a statute of limitations or a statute of repose. *See, e.g.*, *McBride-Williams*, 2004 UT 21, ¶¶ 13–14 (analyzing the Utah Health Care Malpractice Act for any "expression of legislative intent that [its] statute of limitations . . . supplant[s] the savings statute").

¶25  In interpreting statutes, our goal "is to ascertain the intent of the legislature, the best evidence of which is the plain language of the statute itself." *State v. Miller*, 2023 UT 3, ¶ 65, 527 P.3d 1087 (cleaned up). While categorizing statutes based on shared qualities may, in some circumstances, make our discussion more efficient, it does not replace discerning legislative intent.

¶26  Thus, regardless of whether the Timing Statute is a statute of repose or a statute of limitations, our task is the same: to determine whether it was the intent of the legislature for the Savings Statute to apply to the Timing Statute. And to discern that intent, we begin where we always begin: with the plain language of the statute. *Bagley v. Bagley*, 2016 UT 48, ¶ 10, 387 P.3d 1000.

II.  THE SAVINGS STATUTE DOES NOT APPLY TO THE TIMING STATUTE

¶27 After rejecting Grandchildren's contention that the Savings Statute does not apply to statutes of repose generally, the district court summarily concluded that the statute, which it characterized as a "statutory extension of the time to refile [Granddaughter's] claim," applied to save Granddaughter's petition from dismissal. To determine if the court got it right, we must examine the language of both the Timing Statute and the Savings Statute to discern whether the legislature intended the Savings Statute to apply in these circumstances.

*A.  The Timing Statute*

¶28  We begin with the Timing Statute. Grandchildren point primarily to two provisions that they contend require the dismissal of the second petition, which Granddaughter filed nearly seven years after Davies's death. The first is Utah Code subsection 75-3-107(1). It states that unless one of three exceptions applies, "[a]n informal probate proceeding or formal testacy proceeding . . . may not be commenced more than three years after

_____

not apply to statutes of repose generally, they cite no binding authority in support.

the decedent's death."[7] The second provision—Utah Code subsection 75-3-107(3)—states, "If no will is probated within three years from death, the presumption of intestacy is final and the court shall upon filing a proper petition enter an order to that effect."

¶29 Interpreting the first provision is not a difficult exercise. The provision instructs that an informal probate proceeding like the one filed here "may not be commenced more than three years after the decedent's death." UTAH CODE § 75-3-107(1). "May not" in this context "means that an action is not authorized and is prohibited." *Id.* § 68-3-12(1)(h).[8] And "commence" in this context means "begin." *Commence*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/commence (last visited Aug. 14, 2025). Thus, subsection 75-3-107(1) affirmatively prohibits a person from beginning an informal probate or formal testacy proceeding after the third anniversary of a decedent's death.[9]

¶30 Moving on to the second provision, we read it as complementing the first by codifying the consequence for not timely commencing a proceeding to validate a will. In fact, the substance of subsection 75-3-107(3) was originally found only in the commentary to the Uniform Probate Code. UNIF. PROB. CODE § 3-108 cmt. (UNIF. L. COMM'N 1969) ("Unless certain limited exceptions were met, an estate became conclusively intestate if no

---

[7] In addition to the three exceptions, this provision also excludes from its reach "a proceeding to probate a will previously probated at the testator's domicile." *See* UTAH CODE § 75-3-107(1). Neither the three exceptions nor this exclusion are at issue here.

[8] "May not" is one of just a handful of terms defined by the legislature for the purpose of construing Utah statutes. *See id.* § 68-3-12(1). The legislature instructs that the given definition "shall be observed, unless the construction would be: (i) inconsistent with the manifest intent of the Legislature; or (ii) repugnant to the context of the statute." *Id.* § 68-3-12(1)(a). Because we see no basis for applying either exception, we afford "may not" the construction directed by the legislature.

[9] A person interested in a decedent's estate begins an informal proceeding by applying to the registrar and a formal proceeding by petitioning the district court. *See id.* §§ 75-3-105(1)(a), -301(1), -401(1).

formal or informal estate proceeding was commenced within the three year period . . . ."). Utah chose to depart from the uniform code by incorporating this guidance directly into the statute. *See* UTAH CODE § 75-3-107(3). Accordingly, we construe subsection 75-3-107(3) to impose a final presumption of intestacy if a party does not, within three years, initiate an informal probate or formal testacy proceeding, that is "[t]he judicial procedure by which a testamentary document is established to be a valid will," *Probate*, BLACK'S LAW DICTIONARY (12th ed. 2024).[10]

¶31   Thus, if the only statute at issue were the Timing Statute, we would readily conclude that Granddaughter's second petition is prohibited and that the presumption of intestacy for Davies is final. Subsection 75-3-107(1) prohibits Granddaughter from filing a petition to probate Davies's will "more than three years" after

---

[10] In reaching this conclusion, we acknowledge that, if read in isolation, the term "probated" here could refer to either proceedings that have been *commenced* or proceedings that have been *completed*. *Cf. In re Cloward's Est.*, 82 P.2d 336, 339 (Utah 1938) ("The statute specifies that the estate from which the other estate descends shall have 'never been probated'. Does that mean 'administration has never commenced' or that 'administration has not been completed'? We think it means the former."). But, when considered in context with the remainder of the Timing Statute, we read the term "probated" in this subsection as referring to probate proceedings that have been commenced. *See Oliver v. Utah Lab. Comm'n*, 2017 UT 39, ¶ 20, 424 P.3d 22 ("[T]he fact that the statutory language may be susceptible of multiple meanings does not render it ambiguous; all but one of the meanings is ordinarily eliminated by context." (cleaned up)).

Were we to conclude otherwise, we would have to construe section 75-3-107 as allowing for the *commencement* of a probate proceeding to establish a will's validity up to three years after death while simultaneously requiring the *completion* of that work within three years. To avoid depriving subsection 75-3-107(1) of its full force, we conclude that the phrase "will is probated" in subsection 75-3-107(3) means that probate proceedings have been commenced. *See State v. Stewart*, 2018 UT 24, ¶ 12, 438 P.3d 515 ("Wherever possible, we give effect to every word of a statute, avoiding any interpretation which renders parts or words in a statute inoperative or superfluous." (cleaned up)).

Davies's death. And once Granddaughter's initial petition was dismissed, because more than three years had passed since Davies's death, the presumption that Davies died intestate is presumed final. *See* UTAH CODE § 75-3-107(3).[11] But as foreshadowed, we must decide whether the Savings Statute applies to the Timing Statute and saves Granddaughter's otherwise prohibited petition from dismissal.

*B. The Savings Statute*

¶32   The Savings Statute provides, "If any action is timely filed and . . . if the plaintiff fails in the action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the action has expired, the plaintiff . . . may commence a new action within one year after the . . . failure." *Id.* § 78B-2-111(1). The Savings Statute is part of Utah's Judicial Code, and its language does not limit its application. *See id.*

¶33   Neither side in this litigation has devoted much attention to the language of the Savings Statute. In particular, neither side takes issue with the statute's use of the term "plaintiff," and both appear to assume that a petitioner filing an informal probate proceeding is the equivalent of a plaintiff for purposes of the Savings Statute. For purposes of this appeal, we do the same.[12] We also agree that the statute generally allows a party to commence a new action within one year of an action's dismissal if the original action was timely filed, the dismissal was not on the merits, and the

---

[11] Had Granddaughter's first petition not been dismissed, neither subsection of the Timing Statute would have been implicated. Her petition, having been filed within three years of Davies's death, would have been timely under subsection 75-3-107(1), and the final presumption of intestacy in subsection 75-3-107(3) would not have been triggered. But once her petition was dismissed, Davies's will was no longer in probate, and due to the expiration of the statute's three-year time period, the presumption of intestacy kicked in.

[12] If we were to decide that the Savings Statute applies to the Timing Statute, we would necessarily need to resolve this question. But because we conclude that the Savings Statute does not apply to the Timing Statute for other reasons, we can assume without deciding that the reference to "plaintiff" in the Savings Statute includes petitioners like Granddaughter.

time for bringing the action has otherwise expired. *See id.*; *Craig v. Provo City*, 2016 UT 40, ¶ 17, 389 P.3d 423; *Ewing v. State, Dep't of Transp.*, 2010 UT App 158, ¶ 7, 235 P.3d 776.

### C. The Intersection of the Timing Statute and the Savings Statute

¶34   Having explored each statute individually, we now turn to the more complex question of how the two statutes intersect and whether the Timing Statute forecloses the application of the Savings Statute. To the extent the two statutes are complementary, we apply both. *See McBride-Williams v. Huard*, 2004 UT 21, ¶ 14, 94 P.3d 175 (concluding that the Utah Health Care Malpractice Act did not supplant the Savings Statute); *cf. Olseth v. Larson*, 2007 UT 29, ¶ 23, 158 P.3d 532 ("[I]n interpreting a statute . . . we read the plain language of the statute as a whole, and interpret its provisions in harmony with other statutes in the same chapter and related chapters." (cleaned up)). But if the words of the Timing Statute "appear . . . to foreclose the applicability of the Savings Statute . . . , then we must give effect to those words even if they are at best *implicit*."[13] *Craig*, 2016 UT 40, ¶ 38 (concluding that the Governmental Immunity Act forecloses the applicability of the Savings Statute).

¶35   With these interpretive principles in mind, we examine the language of section 75-3-107 to determine whether the legislature intended it to displace the generally applicable Savings Statute. The words chosen by the legislature in section 75-3-107 lead us to conclude that it did intend to foreclose application of the Savings

---

[13] We previously said that we'd apply the Savings Statute to a statute of limitations unless "the legislature made plain [its] intention" that the Savings Statute not apply. *Standard Fed. Sav. & Loan Ass'n v. Kirkbride*, 821 P.2d 1136, 1138 (Utah 1991); *see also McBride-Williams*, 2004 UT 21, ¶ 14 ("Absent a clear expression of legislative intent that a statute of limitations ought to preempt the savings statute, we will not block access to it."). But we walked back those statements in *Craig*. There, we explained that "[t]he legislature has no duty to speak *plainly* or *explicitly*," and that it is "our role . . . to do our best to discern the intent or meaning of the inevitably imperfect words that [the legislature] enacts into law," *Craig*, 2016 UT 40, ¶ 37, "even if that [intent or meaning] is less than plain, and even if it appears by implication rather than an explicit statement," *id.* ¶ 40.

Statute to the untimely commencement of an informal probate or formal testacy proceeding. The most compelling evidence of that intent is its use of prohibitory language in subsection 75-3-107(1).

¶36  Many statutes that include a deadline for the filing of an action simply identify the time period in which a particular action may be brought. For example, Utah's catch-all statute of limitations states that "[a]n action may be brought within four years: . . . for relief not otherwise provided for by law." UTAH CODE § 78B-2-307(4); *see also, e.g.*, *id.* § 78B-2-302(4) ("An action may be brought within one year: . . . for libel, slander, false imprisonment, or seduction . . . ."); *id.* § 78B-2-306 ("Actions against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created shall be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability accrued.").

¶37 Even the statute of repose in the Utah Health Care Malpractice Act uses similar language. It provides, "A malpractice action against a health care provider shall be commenced within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered the injury, whichever first occurs, but not to exceed four years after the date of the alleged act, omission, neglect, or occurrence." *Id.* § 78B-3-404(1); *see also Bingham v. Gourley*, 2024 UT 38, ¶ 11, 556 P.3d 53 (explaining that subsection 78B-3-404(1)'s four-year limitation "functions as a statute of repose" (cleaned up)).

¶38  But the Timing Statute is different. It doesn't state that an informal probate or formal testacy proceeding may or even shall be brought within three years. Instead, it speaks in prohibitory terms, stating that such an action "*may not* be commenced more than three years after the decedent's death." UTAH CODE § 75-3-107(1) (emphasis added). And that command directly conflicts with the Savings Statute, which states that a new action "may commence" beyond that timeline if the original action was timely filed and dismissed for a non-merits reason. *Id.* § 78B-2-111(1).

¶39  Another way to look at this is to start with the language of the Savings Statute. It applies when "the time limited . . . by law . . . for commencing the action has expired." *Id.* But unlike the other statutes of limitations or repose noted above, the Timing Statute does more than just "limit" the time for commencing the probate proceeding. It affirmatively states that such an action "may not" be

commenced if the three-year time limitation has passed. *Id.* § 75-3-107(1). That directive, at the very least, strongly implies an intent by the legislature that the Savings Statute not apply to filings governed by the Timing Statute.

¶40 Indeed, we previously suggested as much in *Standard Federal Savings & Loan Ass'n v. Kirkbride*, 821 P.2d 1136 (Utah 1991). There, we drew a distinction between the language used in a statute imposing time limits on the filing of a deficiency judgment and a statute that bars untimely claims. *See id.* at 1137–38. The deficiency statute stated that "[a]t any time within three months after any sale of property under a trust deed, . . . an action may be commenced to recover the balance due upon the obligation for which the trust deed was given as security." UTAH CODE § 57-1-32 (1990). We concluded that the Savings Statute (referred to there as the general renewal statute) applied in the absence of language in the deficiency statute suggesting that the statute barred actions not initiated within three months. *See Kirkbride*, 821 P.2d at 1138. And in doing so, we contrasted that more forgiving language with a statute stating that "[a] claim . . . is *barred* unless notice of claim is filed . . . within one year after the claim arises," *id.* (quoting section 63-30-13 of the 1989 Governmental Immunity Act), explaining that if the legislature intends to bar an action not commenced within the time period allotted, it "knows how to" make that intent known, *id.*

¶41 Here, the legislature didn't use the word "barred" in the Timing Statute. Yet by stating that the proceeding "may not" be commenced if not filed within three years of the decedent's death, it suggested a similar intent foreclosing application of the Savings Statute.

¶42 And that's not all. Subsection (3) of the Timing Statute provides that the presumption of intestacy will be final if a decedent's will is not probated within the three-year time limit. UTAH CODE § 75-3-107(3). That operation, which is automatic upon the passage of time, also conflicts with the application of the Savings Statute. Here, for example, with the dismissal of Granddaughter's petition, the three-year statutory time period passed without the will being probated, and thus the final presumption of intestacy kicked in. If the Savings Statute allowed for a refiling of the petition, the new petition would seek resolution of an issue that, by operation of law and the passage of time, had already been deemed finally resolved. In light of this conflict, we

cannot apply the general Savings Statute to matters governed by the more specific statutory scheme described in the Timing Statute. After all, "a statute dealing specifically with a particular issue prevails over a more general statute that arguably also deals with the same issue." *Lyon v. Burton*, 2000 UT 19, ¶ 17, 5 P.3d 616, *as modified on denial of reh'g*, 2000 UT 55.

¶43 Finally, our construction of the Timing Statute as foreclosing operation of the Savings Statute to informal probate or formal testacy proceedings is further supported by the rules of construction unique to the Probate Code. *See State Bd. of Land Comm'rs v. Ririe*, 190 P. 59, 63 (Utah 1920) (Thurman, J., concurring) ("Rules of construction adopted by the Legislature are entitled to serious consideration in arriving at the intent and meaning of the statutes."). Of relevance here, those rules instruct that the code "be liberally construed and applied to promote" its stated "purposes and policies." UTAH CODE § 75-1-102(1).[14] This instruction has an arguably unique application to section 75-3-107 because the section appears to strike a balance between what are two potentially conflicting purposes and policies animating the Probate Code: to discover and effectuate a decedent's intent and to promote the speedy and efficient administration of a decedent's estate. *See id.* § 75-1-102(2)(b)–(c).

¶44 If discovering and effectuating a decedent's intent were the only (or even primary) purpose of the Probate Code, the legislature could have allowed the filing of probate actions at any time. After all, wills reflecting a decedent's intent could be discovered years after death. Conversely, if ensuring the speedy and efficient administration of a decedent's estate were the only (or even primary) purpose of the Probate Code, the legislature could have shortened by months, or even years, the time for filing an informal probate or formal testacy proceeding. But, instead, the legislature appears to have carefully balanced these two competing concerns in setting a three-year time limit for the filing of a

---

[14] Section 75-1-102, along with sections -103 and -105, *see infra* ¶ 44 n.15, have been amended since 2022. Because the recent amendments involved no changes material to our decision, we cite the current version of these statutes.

proceeding to probate a will. Were we to interpret the Savings Statute as applying here, we would disrupt that balance.[15]

¶45   In sum, the plain language of the Timing Statute precludes the application of the Savings Statute. Because we cannot construe the Timing Statute and Savings Statute harmoniously, we hold that the Savings Statute does not apply to the Timing Statute. We accordingly hold that unless they fall within the statutory exceptions contained in the Timing Statute, probate proceedings initiated after the time limit set forth in the Timing Statute are time-barred and are not entitled to the grace period established in the Savings Statute.

## CONCLUSION

¶46 We conclude that the district court erred in denying Grandchildren's motion for partial summary judgment. Utah's Savings Statute, UTAH CODE § 78B-2-111, conflicts with the plain language of the Timing Statute, *id.* § 75-3-107, which requires probate petitions to be filed within three years of the decedent's death. Accordingly, we hold that the Savings Statute does not apply to the Timing Statute, regardless of whether the Timing Statute is characterized as a statute of limitations or a statute of repose.

---

[15] This balancing act is further demonstrated by the legislature's adoption of exceptions to its three-year limitation in section 75-3-107. *See* UTAH CODE § 75-3-107(1), (2). Although not conclusive evidence of intent, the adoption of exceptions in the section lends further support to the conclusion that the legislature specifically considered the circumstances that it believed warranted an exception to the three-year limitation. We are not inclined to import another exception through the Savings Statute, particularly in light of the legislature's instruction that the Probate Code "is a general act intended as a unified coverage of [its] subject matter." *Id.* § 75-1-105. To be sure, the Probate Code also instructs that "principles of law and equity supplement" its provisions. *Id.* § 75-1-103. But even if we assume that the Savings Statute is a "principle[] of law," the statute also instructs that the supplementation occurs only if not "displaced" by the Code's particular provisions. *Id.* And here, for the reasons stated in our analysis of the Timing Statute's plain language, we conclude that the Probate Code displaces the Savings Statute in this context. *See supra* ¶¶ 35–42.

¶47 In this case, Granddaughter timely commenced probate proceedings within three years of Davies's death, but her petition was dismissed, and she did not file a new petition until after the three-year time limitation had long expired. Thus, Granddaughter's probate petition was prohibited. Accordingly, we reverse the district court's order denying Grandchildren's motion for partial summary judgment and remand for further proceedings.

————————